**LAQUER, URBAN, CLIFFORD & HODGE LLP**
Susan Graham Lovelace, State Bar No. 160913
    Lovelace@luch.com
Michael Y. Jung, State Bar No. 245260
    Jung@luch.com
225 South Lake Avenue, Suite 200
Pasadena, California 91101-3030
Tel: (626) 449-1882 | Fax: (626) 449-1958

Counsel for Creditors, Trustees of the Southern California
IBEW-NECA Pension Plan, et al.

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re: | CASE NO.: 2:16-bk-25619-WB |
| STEINY AND COMPANY, INC., | Chapter 11 |
|     Debtor. | ASSIGNED TO THE HONORABLE JULIA W. BRAND |
| | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ADMINISTRATIVE EXPENSES** |
| | <u>HEARING DATE</u><br>Date: To be set<br>Time: To be set<br>Ctrm: 1375<br>Edward R. Roybal Federal Building<br>255 E. Temple Street<br>Los Angeles, California 90012 |

MEMORANDUM OF POINTS AND AUTHORITIES

1108241

## I. PRELIMINARY STATEMENT

Pursuant to 11 U.S.C. §503(b) and 11 U.S.C. §1113, creditors Trustees ("Trustees") of the Southern California IBEW-NECA Pension Plan, Southern California IBEW-NECA Defined Contribution Trust Fund, Southern California IBEW-NECA Health Trust Fund ("Health Fund"), Southern California IBEW-NECA Supplemental Unemployment Benefit Trust Fund, Los Angeles County Electrical Educational and Training Trust Fund, National Electrical Benefit Fund, Southern California IBEW-NECA Labor-Management Cooperation Committee, National NECA-IBEW Labor-Management Cooperation Committee Trust Fund, Contract Compliance Fund, and Los Angeles Electrical Workers Credit Union (collectively "Trusts"), hereby move this Court for an order requiring the debtor, Steiny and Company, Inc. ("Steiny") to immediately fund post-petition fringe benefit contribution reports and pay damages accruing post-petition.

## II. STATEMENT OF FACTS RELEVANT TO THIS MOTION

The Trusts are express trusts created pursuant to written declarations of trust ("Trust Agreements") between various local unions of the International Brotherhood of Electrical Workers ("IBEW"), and various chapters of the National Electrical Contractors Association ("NECA"). (Declaration of Raul Rodriguez ("Decl. Rodriguez"), ¶ 6.) The Trusts are now, and were at all times material to this motion, labor-management multiemployer trusts created and maintained pursuant to §302(c)(5) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. §186(c)(5). (Decl. Rodriguez, ¶ 6.) Steiny is bound to various collective bargaining agreements ("Master Agreements") between various local unions of the IBEW and various chapters of NECA that require Steiny to make contributions on a timely basis to the Trusts for each hour of covered work performed by its employees. (Decl. Rodriguez, ¶ 8.) At all times material herein, Steiny has been obligated to the terms and provisions of the Master Agreements and the related Trust Agreements. (Decl. Rodriguez, ¶¶ 8 and 10.)

Steiny has not rejected the Master Agreements pursuant to 11 U.S.C. §1113. (Decl. Rodriguez, ¶ 9; Declaration of Matthew Bechtel ("Decl. Bechtel"), ¶ 3.) Because Steiny relies on labor provided by the local unions of the IBEW to run its business, the Trustees do not anticipate that Steiny will seek to reject the Master Agreements. (Decl. Rodriguez, ¶ 9.)

Steiny is an "employer" as defined and used in §3(5) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1002(5). (Decl. Rodriguez, ¶ 9.) Therefore, Steiny is "obligated to make contributions to a multiemployer plan" within the meaning of §515 of ERISA, 29 U.S.C. §1145. Steiny is also an "employer" engaged in "commerce" in an "industry affecting commerce," as those terms are defined and used in §501(1) and §501(3) of the LMRA, 29 U.S.C. §142(1) and §142(3), and within the meaning and use of §301(a) of the LMRA, 29 U.S.C. §185(a). Section 515 of ERISA, 29 U.S.C. §1145, provides that every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

Steiny filed its Chapter 11 bankruptcy petition on November 28, 2016. After filing bankruptcy, Steiny submitted to the Trusts fringe benefit contribution reports ("Monthly Reports") wherein Steiny admits owing the Trusts at least $169,337.88 for fringe benefit contributions which became due on December 10, 2016 (post-petition). (Decl. Rodriguez, ¶ 13; Exhibit G). The Trustees only seek to collect $139,911.40 of the $169,337.88 total amount owed based on Steiny's Monthly Reports for November 2016, as the Trustees only collect defined benefit contributions under Steiny's collective bargaining agreements with Local 441 and Local 477. (Decl. Rodriguez, ¶ 13.) As of the date of this motion, Steiny has failed to submit payment of any of the

///

contributions owed to the Trustees that became due on December 10, 2016, and delinquent on December 15, 2016. (Decl. Rodriguez, ¶ 15.)

There is no legal excuse for Steiny's breach or violation of the Master Agreements, related Trust Agreements or §515 of ERISA, 29 U.S.C. §1145. (Decl. Rodriguez, ¶ 14.) Due to Steiny's non-performance, unpaid post-petition fringe benefit contributions are now due, owing and unpaid to the Trust Funds as evidenced by the reports submitted by Steiny and the declaration of Raul Rodriguez. (Decl. Rodriguez, ¶ 13.)

Pursuant to Section 502 of ERISA, 29 U.S.C. §1132(g)(2)(B), Steiny is obligated to pay to the Trustees interest on the fringe benefit contributions not paid in a timely manner at the rate prescribed under § 6621 of the Internal Revenue Code of 1986. An award of interest was made mandatory by the addition of § 502 (g)(2)(B) of ERISA [29 U.S.C. § 1132(g)(2)(B)]. In actions under ERISA to collect fringe benefit contributions, interest must be awarded. <u>Operating Engineers Pension Trust v. Reed</u>, s*upra,* 726 F.2d at 513, 514. Prejudgment interest is "determined by using the rate provided under the plan, or, if not provided, the rate prescribed under [26 U.S.C. § 6621]." 29 U.S.C. § 1132(g)(2). Here, the Master Agreements and related Trust Agreements provide for the recovery of interest. (Decl. Rodriguez, ¶ 16.) However, three of the four applicable collective bargaining agreements are silent as to the interest rate, while fourth agreement provide for an interest rate of 8% per annum. (Decl. Rodriguez, ¶ 16.) Therefore, for simplicity, interest has been calculated pursuant to the rate prescribed under § 6621, which states "[t]he underpayment rate established under this section shall be the sum of – (A) the Federal short-term rate determined under subsection (b), plus (B) 3 percentage points." 26 U.S.C. § 6621(a)(2). (Decl. Rodriguez, ¶ 16.) Under § 6621, interest is compounded on a daily basis. (Decl. Rodriguez, ¶ 16.) Therefore, in addition to the other amounts requested relating to the amounts due pursuant to the Monthly Reports for November 2016, the Trustees are seeking prejudgment interest in the total amount of $398.32, calculated

from the date the contributions became due until January 5, 2017 (the proposed hearing date on this motion). (Decl. Rodriguez, ¶ 16; Exhibit H.) There is no legal excuse for Steiny's failure to pay the accrued interest.

Like prejudgment interest, liquidated damages are also mandatory under § 502 of ERISA [29 U.S.C. § 1132(g)], which requires an award of liquidated damages on unpaid contributions in an amount equal to the greater of: (a) the amount of prejudgment interest, or (b) liquidated damages provided for under the plan in an amount not in excess of 20%. 29 U.S.C. § 1132(g)(2)(C). Various federal courts, in recognition of the administrative costs involved in processing and pursuing delinquencies, have upheld and enforced liquidated damages provisions where, as here, the amount of liquidated damages are reasonable. U.S. for the use of Sherman v. Carter, 353 U.S. 210, 220 (1957); United O.A.B. & S.M.U. 21 v. Thorlief Larson & Son, Inc., 519 F.2d 331, 337 (9th Cir. 1975).

The Master Agreements and related Trust Agreements provide for liquidated damages ranging from 1.5% to 18% depending on the length of time an employer remains delinquent. (Decl. Rodriguez, ¶ 17.) Liquidated damages for the unpaid contributions based on Steiny's Monthly Reports November 2016 calculated from the date the contributions became due through January 5, 2017 (the proposed hearing date on this motion)), at the rate provided in the Master Agreements and related Trust Agreements, amounts to $2,098.67. (Decl. Rodriguez, ¶ 17; Exhibit H.) Since this amount is greater than the amount of prejudgment interest ($398.32) the Trustees seek liquidated damages for unpaid and untimely paid contributions in the amount of $2,098.67. Decl. Rodriguez, ¶ 17; Exhibit H).

Pursuant to the Master Agreement, Trust Agreements and Section 502 of ERISA, 29 U.S.C. § 1132(g)(2)(D), Steiny is obligated to pay to the Trustees' attorneys' fees and costs incurred to effect collection of delinquent contributions. The amount of attorneys' fees incurred to bring this motion, and anticipated fees to argue

///

the motion, total $5,847.00.  (Decl. Rodriguez, ¶¶ 18-19 and Declaration of Michael Y. Jung ("Decl. Jung") ¶¶ 4-8.)

### III.    ARGUMENT

### A.    Steiny Has a Duty to Abide by the Master Agreements.

A debtor operating an ongoing business has a duty to abide by contracts that it has not sought to abrogate and is thereby subject to the terms of a collective bargaining agreement until it is rejected.  Matter of Canton Castings, Inc., 103 B.R. 874, 876 (Bankr. N.D. Ohio 1989).  An unexpired collective bargaining agreement is an executory contract under the bankruptcy code.  N.L.R.B. v. Bildisco and Bildisco, 465 U.S. 513, 516 (1984); In re Unimet Corp., 842 F.2d 879, 881 (6th Cir. 1988), cert. denied 488 U.S. 828 (1988).  A trustee or debtor-in-possession may assume or reject a collective bargaining agreement only in accordance with the provisions of 11 U.S.C. §1113. This statute applies to all provisions of a collective bargaining agreement.  In re Unimet Corp., *supra*, 842 F.2d 879 at 885.  Furthermore, the debtor-in-possession is required to comply with all provisions of the collective bargaining agreement "unless and until rejection was permitted by the court."  In re Unimet Corp., *supra*, 842 F.2d at p. 882; Matter of Canton Castings, Inc., *supra*, 103 B.R. at p. 876; and In re St. Louis Globe-Dispatch. Inc., 86 B.R. 606, 609 (Bankr. E.D. Mo. 1988).  "No provision of this title [Title 11 U.S.C. §§101 et seq.] shall be construed to permit a trustee to unilaterally terminate or alter any provision of a collective bargaining agreement prior to compliance with the provisions of this section" (11 U.S.C. §1113(f)) and 11 U.S.C. §1113 "unequivocally prohibits the employer from unilaterally modifying any provision of the collective bargaining agreement." In re Unimet Corp., *supra*, 842 F.2d at p. 884.

In the instant case, Steiny has not filed a petition to reject the Master Agreements or related Trust Agreements pursuant to the procedures mandated by 11 U.S.C. §1113. (Declaration of Matthew Bechtel ("Decl. Bechtel"), ¶ 3; Decl. Rodriguez, ¶ 9.) In fact, Steiny has taken advantage of the benefits of its union status

while failing to submit agreed to, and federally protected, fringe benefit contributions to the Trusts pursuant to the Master Agreements. (Decl. Rodriguez, ¶ 9.)

## B. The Trustees Have the Right to Obtain Payment of Fringe Benefit Contributions and Related Liquidated Damages and Interest Owed as Administrative Expenses, As Well Attorneys' Fees Incurred in Bringing this Motion

11 U.S.C. § 503(b)(1)(A) provides: "¶ (b) After notice and a hearing, there shall be allowed as administrative expenses. . . ¶(1)(A) the actual necessary costs and expenses of preserving the estate, including wages, salaries or commissions for services rendered after the commencement of the case."

Contributions due pursuant to a collective bargaining agreement are actual and necessary costs or expenses of preserving the estate if the obligation to contribute arose post-petition. Columbia Packing Co. v. Pension Benefit Guaranty Corp., 81 B.R. 205. Contributions payable post-petition for hours worked pre-petition are properly considered administrative expenses. Pacific Far East Line, Inc. v. Pacific Maritime Association, 713 F.2d 476 (9th Cir. 1983); see also In Re World Sales, 183 B.R. 872. Damages are likewise treated as administrative expenses, as are expenses and liabilities incurred. Reading Company v. Brown, 391 U.S. 471, 476-79 (1968); N.L.R.B. v. Bildisco and Bildisco, supra, 465 U.S. at p. 532; In re Unimet Corp., supra, 842 F.2d at p. 881.

In the instant case, pursuant to the provisions of the Master Agreements and related Trust Agreements, Steiny voluntarily submitted to the Trustees its Monthly Reports for the work month of November 2016, which became due December 10, 2016, wherein Steiny admits owing the Trusts fringe benefit contributions totaling $169,337.88, of which the Trustees seek to recover the amount of $139,911.40 by way of this motion. (Decl. Rodriguez, ¶ 13.) This amount remains unpaid and is now considered *delinquent* pursuant to the Master Agreements and Trust Agreements. (Decl. Rodriguez, ¶ 15.) Steiny's own Monthly Reports are admissible against the

Steiny as admissions of contributions due.  Fed. R. Civ. P. 801(d)(2); <u>Gaspard & Co. v. Government of Guam</u>, 427 F.2d 276 (9th Cir. 1970); <u>Brick Masons Pension Trust v. Industrial Fence & Supply, Inc.</u>, 839 F.2d 1333 (9th Cir. 1988); <u>Trs. of the S. Cal. IBEW-NECA Pension Trust Fund v. Flores</u>, 519 F.3d 1045 (9th Cir. 2008); <u>Cent. States v. Cent. Transport, Inc.</u>, 472 U.S. 559, 105 S.Ct. 2833, 86 L. Ed. 2d 447 (1985).  In addition, due and payable from the Steiny is $398.32 for accrued interest, $2,098.67 for liquidated damages, and $5,847.00 for attorneys' fees. (Decl. Rodriguez, ¶¶ 16-19, Decl. Jung, ¶¶ 4-5.)

### IV.    CONCLUSION

The Trustees request, and justice demands, that the Court order the following:

1.    Within ten (10) calendar days following entry of the order, Steiny shall pay to the Trustees $148,255.39, which consists of $139,911.40 for fringe benefit contributions, $398.32 for accrued interest, $2,098.67 for liquidated damages, and $5,847.00 for attorneys' fees.

DATED:  December 23, 2016         LAQUER, URBAN, CLIFFORD & HODGE LLP

By: */S/ Michael Y. Jung*
  Counsel for Creditors, Trustees of the Southern California IBEW-NECA Pension Plan. et al.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
225 South Lake Avenue, Suite 200, Pasadena, CA 91101

A true and correct copy of the foregoing document entitled (*specify*): MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ADMINISTRATIVE EXPENSES
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 12/23/2016, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See Attached Service Information

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 12/23/2016, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Luke N Eaton
PEPPER HAMILTON LLP
350 S Grand Ave, Ste 3400
Los Angeles, CA 90071

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 12/23/2016, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Julia W. Brand
United States Bankruptcy Court
Central District of California
255 E. Temple Street, Courtroom 1375, 13th Floor, Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/23/2016 | Gina Marston | /s/ Gina Marston |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*  **F 9013-3.1.PROOF.SERVICE**

**In Re: Steiny and Company, Inc.**
**Case No. 2:16-bk-25619-WB**

**SERVICE INFORMATION**

*Matthew T Bechtel on behalf of Creditor Trustees of the Southern California IBEW-NECA Pension Plan, et al.,*
Bechtel@luch.com, cheryl@luch.com,kimberley@luch.com,gina@luch.com

*Ron Bender on behalf of Debtor Steiny and Company, Inc.*
rb@lnbyb.com

*Ron Bender on behalf of Plaintiff STEINY AND COMPANY, INC.*
rb@lnbyb.com

*Robert J Berens on behalf of Creditor Liberty Mutual Insurance Company*
rjb@smtdlaw.com, srodriguez@smtdlaw.com

*Robert J Berens on behalf of Creditor Safeco Insurance Company Of America*
rjb@smtdlaw.com, srodriguez@smtdlaw.com

*William S Brody on behalf of Interested Party Courtesy NEF*
wbrody@buchalter.com, dbodkin@buchalter.com;IFS_filing@buchalter.com

*Caroline Djang on behalf of Interested Party Courtesy NEF*
cdjang@rutan.com

*Luke N Eaton on behalf of Creditor Consolidated Electrical Distributors, Inc.*
eatonl@pepperlaw.com

*Anne K Edwards on behalf of Creditor Rodi Pollock Pettker Christian & Pramov*
aedwards@rodipollock.com

*Kerry K Fennelly on behalf of Creditor Inland Empire IBEW-NECA Trust Funds*
kfennelly@donaldsonandcornwell.com,
fileclerk@donaldsonandcornwell.com;lsheridan@donaldsonandcornwell.com;kditty@donaldsonandcornwell.com;vmindirgasova@donaldsonandcornwell.com;jbaldwin@donaldsonandcornwell.com

*Jon F Gauthier on behalf of Interested Party Flatiron West, Inc.*
jgauthier@ftblaw.com, jrobinson@ftblaw.com

*Michael I Gottfried on behalf of Creditor Enterprise Rent-A-Car of Los Angeles, dba Enterprise Fleet Service*
*mgottfried@lgbfirm.com,*
*kalandy@lgbfirm.com;cboyias@lgbfirm.com;srichmond@lgbfirm.com;sdeiches@lgbfirm.com;mmocciaro@lgbfirm.com*

*Jacqueline L James on behalf of Debtor Steiny and Company, Inc.*
*jlj@lnbyb.com*

*Jacqueline L James on behalf of Interested Party Courtesy NEF*
*jlj@lnbyb.com*

*Jacqueline L James on behalf of Plaintiff STEINY AND COMPANY, INC.*
*jlj@lnbyb.com*

*Michael Y Jung on behalf of Interested Party Courtesy NEF*
*jung@luch.com, gina@luch.com,kimberley@luch.com*

*Susan Graham Lovelace on behalf of Creditor Trustees of the Southern California IBEW-NECA Pension Plan, et al.,*
*lovelace@luch.com, jason@luch.com,kimberley@luch.com*

*Susan Graham Lovelace on behalf of Defendant CONTRACT COMPLIANCE FUND*
*lovelace@luch.com, jason@luch.com,kimberley@luch.com*

*Susan Graham Lovelace on behalf of Defendant THE LOS ANGELES WORKERS CREDIT UNION ADMINISTRATIVE MAINTENANCE FUND*
*lovelace@luch.com, jason@luch.com,kimberley@luch.com*

*Susan Graham Lovelace on behalf of Defendant TRUSTEES OF THE INLAND EMPIRE IBEW-NECA LABOR MANAGEMENT COOPERATION COMMITTEE*
*lovelace@luch.com, jason@luch.com,kimberley@luch.com*

*Susan Graham Lovelace on behalf of Defendant TRUSTEES OF THE LOS ANGELES COUNTY ELECTRICAL EDUCATIONAL AND TRAINING TRUST FUND*
*lovelace@luch.com, jason@luch.com,kimberley@luch.com*

*Susan Graham Lovelace on behalf of Defendant TRUSTEES OF THE NATIONAL ELECTRICAL BENEFIT FUND*
*lovelace@luch.com, jason@luch.com,kimberley@luch.com*

Susan Graham Lovelace on behalf of Defendant TRUSTEES OF THE NATIONAL IBEW-NECA LABOR MANAGEMENT COOPERATION COMMITTEE
lovelace@luch.com, jason@luch.com,kimberley@luch.com

Susan Graham Lovelace on behalf of Defendant TRUSTEES OF THE RIVERSIDE COUNTY ELECTRICAL EDUCATION AND TRAINING TRUST FUND
lovelace@luch.com, jason@luch.com,kimberley@luch.com

Susan Graham Lovelace on behalf of Defendant TRUSTEES OF THE RIVERSIDE COUNTY HEALTH AND WELFARE TRUST FUND
lovelace@luch.com, jason@luch.com,kimberley@luch.com

Susan Graham Lovelace on behalf of Defendant TRUSTEES OF THE SOUTHERN CALIFORNIA IBEV/-NECA SUPPLEMENTAL UNEMPLOYMENT BENEFIT TRUST FUND
lovelace@luch.com, jason@luch.com,kimberley@luch.com

Susan Graham Lovelace on behalf of Defendant TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA DEFINED CONTRIBUTION TRUST FUND
lovelace@luch.com, jason@luch.com,kimberley@luch.com

Susan Graham Lovelace on behalf of Defendant TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA HEALTH TRUST FUND
lovelace@luch.com, jason@luch.com,kimberley@luch.com

Susan Graham Lovelace on behalf of Defendant TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA LABOR-MANAGEMENT COOPERATION COMMITTEE
lovelace@luch.com, jason@luch.com,kimberley@luch.com

Susan Graham Lovelace on behalf of Defendant TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA PENSION PLAN
lovelace@luch.com, jason@luch.com,kimberley@luch.com

Alvin Mar on behalf of U.S. Trustee United States Trustee (LA)
alvin.mar@usdoj.gov

David W. Meadows on behalf of Interested Party Courtesy NEF
david@davidwmeadowslaw.com

Donna T Parkinson on behalf of Creditor ZB, N.A. dba Zions Bank
donna@parkinsonphinney.com

*Thomas Phinney on behalf of Creditor ZB, N.A. dba Zions Bank*
tom@parkinsonphinney.com

*Raymond A Policar on behalf of Creditor Quinn Rental Services, Inc.*
policarlaw@att.net

*Jeffry D Sackman on behalf of Creditor Construction Laborers Trusts*
jds@rac-law.com

*Ali Salamirad on behalf of Creditor Liberty Mutual Insurance Company*
as@smtdlaw.com, rb@smtdlaw.com

*Ali Salamirad on behalf of Creditor Safeco Insurance Company Of America*
as@smtdlaw.com, rb@smtdlaw.com

*Lindsey L Smith on behalf of Debtor Steiny and Company, Inc.*
lls@lnbyb.com, lls@ecf.inforuptcy.com

*Lindsey L Smith on behalf of Interested Party Courtesy NEF*
lls@lnbyb.com, lls@ecf.inforuptcy.com

*Lindsey L Smith on behalf of Plaintiff STEINY AND COMPANY, INC.*
lls@lnbyb.com, lls@ecf.inforuptcy.com

*Nicholas Starkman on behalf of Creditor Cement Masons Trust Funds*
nstarkman@wkclegal.com, syoung@wkclegal.com

*Jolene Tanner on behalf of Creditor UNITED STATES OF AMERICA on behalf of the INTERNAL REVENUE SERVICE*
jolene.tanner@usdoj.gov, USACAC.criminal@usdoj.gov

*United States Trustee (LA)*
ustpregion16.la.ecf@usdoj.gov

*Kirsten A Worley on behalf of Creditor Clark Construction Company*
kw@wlawcorp.com, admin@wlawcorp.com

*Kirsten A Worley on behalf of Creditor Mass. Electric Construction Company*
kw@wlawcorp.com, admin@wlawcorp.com

*Beth Ann R Young on behalf of Plaintiff STEINY AND COMPANY, INC.*
bry@lnbyb.com