Scott E. Blakeley (State Bar No. 141418)
E-Mail: SEB@BlakeleyLLP.com
Ronald A. Clifford (State Bar No. 246542)
E-Mail: RClifford@BlakeleyLLP.com
BLAKELEY LLP
18500 Von Karman Ave., Suite 530
Irvine, California 92612
Telephone: (949) 260-0611
Facsimile: (949) 260-0613

Proposed Counsel for the
Official Committee of Unsecured Creditors of
Steiny and Company, Inc.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| In re: | Case No. 2:16-bk-25619-WB |
|---|---|
| STEINY AND COMPANY, INC., | Chapter 11 |
| Debtor. | **RESPONSE OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE USE OF CASH COLLATERAL** |
| | **Hearing Date, Time and Location** <br> Date: January 5, 2017 <br> Time: 2:00 p.m. <br> Location: 255 E. Temple St. <br> Courtroom 1375 <br> Los Angeles, CA 90012 |

The Official Committee of Unsecured Creditors (the "Committee") of Steiny and Company, Inc. (the "Debtor"), by and through its undersigned proposed counsel, hereby submits its Response

**RESPONSE OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE USE OF CASH COLLATERAL**

1

to the Debtor's *Emergency Motion for Entry of an Order Authorizing the Use of Cash Collateral* (the "Motion"), and further thereto, respectfully provides as follows:

## INTRODUCTION

Through the Motion, the Debtor is requesting approval for its use of the cash collateral. As a part of the *Second Supplement to the Motion*, the Debtor submitted a budget detailing the income and expenses of the Debtor through March 31, 2017. *See* Docket No. 94, p. 16. The Trustees of the Southern California IBEW-NECA Pension Plan, *et al.* (the "IBEW-NECA Trust") and Construction Laborers Trust Funds for Southern California Administrative Company (the "Laborers Trust") have both filed responses/oppositions to the Motion. *See* Docket Nos. 104 and 102 respectively.

The Committee, recently appointed on December 22, 2016, and its proposed counsel, recently engaged by the Committee on December 28, 2016, are in the process of gaining their footing in the case, but a few issues seem clear at this juncture. First, the Debtor's likely exit strategy from this case will be through a sale. The Debtor essentially states as much in that *Second Supplement to the Motion* (*see* Docket No. 94, pp. 3-4), and the Debtor stated at the 341(a) meeting that it is not currently bidding any new jobs. Ergo, at this stage, the Motion simply seeks to stabilize the operations of the Debtor pending a sale. Given that an asset sale is likely the only means by which unsecured creditors will receive a distribution in the instant case, and the fact that the Motion does not appear to overreach or hamper the estate, the Committee supports the Motion.

At the outset, the Committee makes a few observations of the Motion. First, the budget associated with the Motion is a bare bones operational budget that is common in virtually every sale case. Second, the budget does not appear to make wild conclusions about income and expenses. The budget shows income of $2,499,474 for the relevant time period, which projection is not unsupportable by prior years' income levels. The budget shows reasonable expenses of the Debtor over the relevant time period. Further, those expenses not listed that are solely related to operations are to be paid from joint checks.

Most importantly, however, is that the Motion appears to be supported (or at least not opposed) by the Debtor's purported secured creditors. According to the *Second Supplement to the*

**RESPONSE OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE USE OF CASH COLLATERAL**

2

*Motion*, "[i[t is the Debtor's understanding that the Debtor's most senior secured creditors, namely Liberty Mutual Insurance Company and/or Safeco Insurance Company of America [] and the Internal Revenue Service [] do not object to the Debtor's use of cash collateral on a final basis as requested by the Motion and the first supplement to the Motion." Docket No. 94, p. 1, lines 14-18. In fact, the IRS entered into a stipulation with the Debtor allowing the use of its cash collateral. *See* Docket No. 88.

With the support of the Motion, or lack of objection to the Motion, by the Debtor's purported secured creditors, the Committee submits that the Motion is an appropriate for approval by the Court. Further as will be explained *infra*, the oppositions to the Motion are either without merit, or altogether moot.

**ARGUMENT**

Together, the opposition and response to the Motion make two (2) arguments. First, it is argued that the Debtor's secured creditors are not adequately protected. Second, it is argued that the potential post-petition administrative expense claims of the Debtor's employees and unions are not accounted for.

**A.    Adequate Protection Is Not An Issue In Deciding The Motion**

The argument regarding whether the secured creditors are adequately protected is misplaced. To begin with, this is solely an argument for secured creditors to make, not administrative expense creditors. A secured creditor is entitled to adequate protection *upon request* to the Court for the same. *See* 11 U.S.C. § 363(e). It is only at the *request* of an entity that has an interest in said property that the Court must find that entity's interest as being adequately protected through the debtor's use of the property. *Id.* The Motion was filed, and the only purported secured party that requested adequate protection was the IRS, which has been provided through the stipulation between the Debtor and the IRS. If an affected secured creditor consents to the use of its cash collateral by a Chapter 11 debtor, the Chapter 11 debtor may use said secured creditor's cash collateral without court approval. *See* 11 U.S.C. § 363(c)(2)(A); *see also In re California Devices, Inc.*, 126 B.R. 82, 85 (Bankr. ND CA 1991). With the IRS satisfied, unless Liberty requests

---
**RESPONSE OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE USE OF CASH COLLATERAL**

3

adequate protection, which it has not, the Court need not make a determination of adequate protection.

Any arguments as to whether adequate protection exists are moot.

**B.    Whether The Debtor Can Pay Its Administrative Expenses As They Become Due Is Not A Cash Collateral Issue**

The argument regarding payments to employees or unions of the Debtor in the budget is also without merit. The Motion is a request for the use of cash collateral of secured creditors under certain parameters, those parameters being the budget. The budget specifically calls for payment of any amounts that become due to employees and unions that are not included in the budget through joint checks. These monies have not been included in the Debtor's projected income in the budget, or its expenses. However, if any such monies were deposited in the Debtor's DIP accounts instead of being paid to its employees and unions through a joint check arrangement, the Debtor would not be authorized to use those monies in that they fall outside of the budgeted expenses. Those monies would be available for the Debtor's employees and unions through a Court order.

At bottom, the Debtor must meet its post-petition administrative expenses to remain in Chapter 11. The unions, the Committee, the Office of the United States Trustee, and the Court will all be watching closely the Debtor's expenditures, either through monthly operating reports, or formal and informal information requests. If the argument is that the Debtor will not make payments it should be making, for some reason other than the money is simply not available, then the answer is a simple one. There are enough parties-in-interest watching the till to ensure the Debtor does not go three (3) months wildly making unauthorized payments to creditors or non-creditors. If the argument is that the Debtor will not be able to make payments due to liquidity constraints, there are remedies for those creditors. A fight over the Debtor's projected administrative solvency may be proper at some point, but not in the context of a cash collateral motion. The sole focus of the Motion is the use of purported secured creditors' collateral. The Motion is not a feasibility fight.

/ / /

/ / /

**RESPONSE OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE USE OF CASH COLLATERAL**

# CONCLUSION

Given what appears to be a reasonable budget of expenditures, and given either the lack of a request for adequate protection, or an agreement to use cash collateral, the Motion should be approved.

Dated: January 3, 2017

BLAKELEY LLP

By: */s/ Ronald A. Clifford*

Scott E. Blakeley
Ronald A. Clifford
Proposed Counsel for the Official
Committee of Unsecured Creditors of Steiny
and Company, Inc.

**RESPONSE OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE USE OF CASH COLLATERAL**

5

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

18500 Von Karman Ave., Suite 530, Irvine, CA 92612.

A true and correct copy of the foregoing document entitled: **RESPONSE OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE USE OF CASH COLLATERAL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On January 3, 2017, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Matthew T Bechtel Bechtel@luch.com, cheryl@luch.com,kimberley@luch.com
Ron Bender rb@lnbyb.com
Robert J Berens rjb@smtdlaw.com, srodriguez@smtdlaw.com
William S Brody wbrody@buchalter.com, dbodkin@buchalter.com;IFS_filing@buchalter.com
Caroline Djang cdjang@rutan.com
Luke N Eaton eatonl@pepperlaw.com
Anne K Edwards aedwards@rodipollock.com
Kerry K Fennelly kfennelly@donaldsonandcornwell.com, fileclerk@donaldsonandcornwell.com;lsheridan@donaldsonandcornwell.com;kditty@donaldsonandcornwell.com;vmindirgasova@donaldsonandcornwell.com;jbaldwin@donaldsonandcornwell.com
Michael I Gottfried mgottfried@lgbfirm.com, kalandy@lgbfirm.com;cboyias@lgbfirm.com;srichmond@lgbfirm.com;sdeiches@lgbfirm.com;mmocciaro@lgbfirm.com
Jacqueline L James jlj@lnbyb.com
Alvin Mar alvin.mar@usdoj.gov
David W. Meadows david@davidwmeadowslaw.com
Donna T Parkinson donna@parkinsonphinney.com
Thomas Phinney tom@parkinsonphinney.com
Raymond A Policar policarlaw@att.net
Jeffry D Sackman jds@rac-law.com
Ali Salamirad as@smtdlaw.com, rb@smtdlaw.com
Lindsey L Smith lls@lnbyb.com, lls@ecf.inforuptcy.com
United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
Beth Ann R Young bry@lnbyb.com

☐ Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

**2. SERVED BY UNITED STATES MAIL**:
On January 3, 2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Proposed Counsel to the Debtor**
Ron Bender, Esq.
Levene, Neale, Bender, Yoo & Brill L.L.P.
10250 Constellation Blvd., Ste. 1700
Los Angeles, CA 90067

**Office of the United States Trustee**
Alvin Mar, Esq.
915 Wilshire Boulevard, Ste. 1850
Los Angeles, CA 90017

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on January 3, 2017, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Via Overnight Mail**
Honorable Julia W. Brand
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1382
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 3, 2017 | Ronald A. Clifford | /s/ Ronald A. Clifford |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**