RON BENDER (SBN 143364)
BETH ANN R. YOUNG (SBN 143945)
JACQUELINE L. JAMES (SBN 198838)
LINDSEY L. SMITH (SBN 265401)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone:  (310) 229-1234
Facsimile:  (310) 229-1244
Email: rb@lnbyb.com; bry@lnbyb.com; jlj@lnbyb.com; lls@lnbyb.com

Attorneys for Chapter 11 Debtor & Debtor in Possession

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No.: 2:16-bk-25619-WB |
| STEINY AND COMPANY, INC., | Chapter 11 Case |
| Debtor and Debtor in Possession. | **DEBTOR'S OPPOSITION TO MOTION FOR ADMINISTRATIVE EXPENSES; DECLARATION OF SUSAN STEINY** |
| | <u>Hearing:</u><br>DATE:      February 2, 2017<br>TIME:      10:00 a.m.<br>PLACE:    Courtroom 1375<br>              255 E. Temple Street<br>              Los Angeles, CA |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.      SUMMARY OF ARGUMENT ……………………………………………   2

II.     STATEMENT OF RELEVANT FACTS ………………………………….   3
        #

III.    MOVANTS' CLAIM IS NOT ENTITLED TO ADMINISTRATIVE
        PRIORITY ………………………………………………………………   4

IV.     FRINGE BENEFITS RELATED TO PRE-PETITION WORK PERFORMED
        ARE NOT ENTITLED TO ADMINISTRATIVE EXPENSE PRIORITY
        STATUS ………………………………………………………………...   5

        1.  *In re Roth American, Inc.* …………………………………………...   5

        2.  *In re A.C.E. Elevator Co., Inc.* …………………………………………   6

V.      THE CASES CITED BY MOVANT ARE FACTUALLY
        DISTINGUISHABLE ………………………………………………….…..   6

        1.  *Pacific Far East Line, Inc. v. Pacific Maritime Association* …………………   7

        2.  *Teamsters Industrial Security Fund v. World Sales, Inc.* ……………………...   8

VI.     LIQUIDATED DAMAGES RELATED TO FRINGE BENEFIT
        CONTRIBUTIONS ARE GENERAL UNSECURED CLAIMS ………………   9

VII.    SECTION 1113 DOES NOT PREEMPT THE PRIORITY SCHEME OF 507 ….   10

VIII.   CONCLUSION …………………………………………………………   12

IX.     DECLARATION OF SUSAN STEINY …………………………………...   13

# TABLE OF AUTHORITIES

**Page(s)**

<u>CASES</u>

*Abercrombie v. Hayden Corp. (In re Abercrombie)*
    139 F.3d 755 (9th Cir.1998)-------------------------------------------------------- 4

*In re A.C.E. Elevator Co., Inc.*
    347 B.R. 473 (Bankr. S.D.N.Y. 2006)------------------------------------------- 3, 6

*In re BCE West, L.P.*
    319 F.3d 1166 (9th Cir. 2003) ----------------------------------------------------- 4

*In re Certified Air Technologies, Inc.*
    300 B.R. 355 (Bankr. C.D. Cal. 2003)-------------------------------------2, 3, 5, 10

*In re Cochise Coll. Park, Inc.*
    703 F.2d 1339 (9th Cir. 1983) --------------------------------------------------- 11

*In re FasTech Services, Inc.*
    No. 10–81323, 2012 WL 1190289, *1 (Bankr. C.D. Ill. 2012))--------------------------- 2, 9

*In re Majestic Capital, Ltd.*
    463 B.R. 289 (Bankr. S.D.N.Y. 2012) --------------------------------------------- 8

*In re MS Freight Distribution, Inc.*
    172 B.R. 976 (Bankr. W.D. Wash. 1994) -------------------------------------------- 11

*In re Murray Indus.*
    110 B.R. 585 (Bankr. M.D. Fla. 1990) --------------------------------------------- 5

*In re Roth American*
    975 F.2d. 949 (3rd Cir. 1992)----------------------------------------------------- 5, 8

*In re Unimet Corp.*
    842 F.2d 879 (6th Cir. 1988)----------------------------------------------------- 10

*Kadjevich v. Kadjevich (In re Kadjevich)*
    220 F.3d 1016 (9th Cir.2000) ---------------------------------------------------- 4

*Microsoft Corp. v. DAK Indus.(In re DAK Indust.)*
    66 F.3d 1091 (9th Cir.1995)------------------------------------------------------ 3

*Pacific Far East Line, Inc. v. Pacific Maritime Association*
    713 F.2d 476 (9th Cir. 1983)----------------------------------------------------- 6, 7

*Straus-Duparquet, Inc. v. Local Union No. 3, IBEW*
    386 F.2d 649 (2d Cir. 1967)------------------------------------------------------ 8

*Teamsters Industrial Security Fund v. World Sales, Inc. (In re World Sales, Inc.)*
    183 B.R. 872 (9th Cir. B.A.P. 1995)--------------------------------------------- 7, 8, 9

## TABLE OF AUTHORITIES (cont'd)

**Page(s)**

STATUTES

11 U.S.C. § 503(b)(1)(A) ------------------------------------------------------------------------- 4, 6

REGULATIONS

11 U.S.C. § 1107------------------------------------------------------------------------------3, 13
11 U.S.C. § 1109------------------------------------------------------------------------------3, 13

**TO THE HONORABLE JULIA W. BRAND, UNITED STATES BANKRUPTCY JUDGE AND MOVANTS:**

Steiny and Company, Inc. (the "Debtor"), the chapter 11 debtor and debtor in possession in the above-captioned Chapter 11 bankruptcy case, hereby respectfully submits its opposition (the "Opposition") to the Motion for Administrative Expenses (the "Motion"), which was filed by Trustees of the Southern California IBEW-NECA Pension Plan, Trustees of the Southern California IBEW-NECA Defined Contribution Trust Fund, Trustees of the Southern California IBEW-NECA Health Trust Fund, Trustees of the Southern California IBEW-NECA Supplemental Unemployment Benefit Trust Fund, Trustees of the Los Angeles County Electrical Educational and Training Trust Fund, National Electrical Benefit Fund, Trustees of the Southern California IBEW-NECA Labor-Management Cooperation Committee, Trustees of the National NECA-IBEW Labor-Management Cooperation Committee Trust Fund, Contract Compliance Fund, and Los Angeles Electrical Workers Credit Union, (collectively referred to herein as "Movants").

**I.**

## **SUMMARY OF ARGUMENT**

As a matter of law, the Movants are not entitled to a super-priority administrative claim for an unliquidated pre-petition benefits claim. "The fact that neither §1113(f) nor §507 contain language expressly creating a super-priority status for pre-petition collective bargaining agreement wage and benefit claims suggests, by negative inference, an intent by Congress not to do so." (See, *In re Certified Air Technologies, Inc.*, 300 B.R. 355, 367 (Bankr. C.D. Cal. 2003).) Nonetheless, in the Motion, Movants improperly seek such relief for immediate payment of their unliquidated pre-petition benefit claims. "Section 1113 was enacted to protect the existence of collective bargaining agreements in chapter 11 cases, not to re-order the priority scheme set by Congress in §507." *Id.* at 369.

Tellingly, the Motion does not address any of the applicable law, or even provide the relevant facts. Indeed, "[t]he creditor bears the burden of showing an entitlement to administrative priority by a preponderance of the evidence. (See, *In re FasTech Services, Inc.,* No. 10–81323, 2012 WL 1190289, *1 (Bankr. C.D. Ill. 2012)); *Microsoft Corp. v. DAK Indus.(In re DAK*

1  *Indust.*). 66 F.3d 1091, 1094 (9th Cir.1995) (internal citation omitted).)  Here, Movants entirely

2  fail to meet their burden of proof.  Specifically, as indicated on Exhibit "G" to the Motion, all of

3  the benefit claims sought in the Motion relate to a pre-petition time period.  That these benefits

4  were based upon a report processed post-petition does not change the result. (See, *In re A.C.E.*

5  *Elevator Co., Inc.,* 347 B.R. 473, 478 (Bankr. S.D.N.Y. 2006)) "[P]re-petition claims for wages

6  and benefits due under a collective bargaining agreement are not entitled to treatment as

7  administrative expenses but are to be accorded priority consistent with §507."  (See, *In re*

8  *Certified Air Technologies, Inc.*, 300 B.R. at 369) Accordingly, the Motion should be denied.

9                                                    **II.**

10                              **STATEMENT OF RELEVANT FACTS**

11        On November 28, 2016 (the "Petition Date"), the Debtor filed a voluntary petition under

12  Chapter 11 of the Bankruptcy Code.  The Debtor continues to operate its business, manage its

13  financial affairs and operate its bankruptcy estate as a debtor in possession pursuant to Sections

14  1107 and 1108 of the Bankruptcy Code.

15        The Debtor is a party to the Master Agreements (as that term is defined in the Motion) with

16  the Movants. Pursuant to the Master Agreements, on the 10th of each month, the Debtor is required

17  to deliver fringe benefit contributions covering the hours worked by each employee through the

18  last payroll period in the prior calendar month.[1] The Movants' employee payroll periods end on

19  Sundays. The total amount of fringe benefits owed for a particular time period is based upon the

20  hours worked and wages earned by the union employees during the relevant time period covered

21  for the prior month. Through the Motion, Movants seek to recover as an administrative priority

22  claim the sum of $150,785.23 (the "Movants' Claim") for putative fringe benefit contributions,

23  which sum also improperly includes liquidated damages in the sum of $4,197.34, as well as legal

24  fees in the sum of $5,847 and interest in the sum of $829.49 for the amount that was due under the

25  Master Agreements on December 10, 2016. The relevant time period covered for the prior month

26  and included in Movants' Claim ended on Sunday, November 27, 2016 (the day before the

27  ─────────────────────────

28  [1] *See* Motion, Exhibit C, page 11, Section 7.51; Exhibit D, page 12, Section 7.51; Exhibit E, page
    4, Section 10.1; and Exhibit F, page 9, Section 10.07

Petition Date), because this was the end of the last full payroll period in the month prior to the December 10, 2016 due date.

The Debtor has not yet rejected or assumed the Master Agreements pursuant to Section 1113 of the Bankruptcy Code.

### III.

### MOVANTS' CLAIM IS NOT ENTITLED TO ADMINISTRATIVE PRIORITY

Section 503(b)(1)(A) of the Code defines administrative expenses and provides a nonexclusive list of allowable expenses including "the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case." *Kadjevich v. Kadjevich (In re Kadjevich),* 220 F.3d 1016, 1019 (9th Cir.2000). "The availability of the priority encourages third parties to deal with a business that has filed in bankruptcy, because these parties will be paid ahead of other creditors." *Abercrombie v. Hayden Corp. (In re Abercrombie),* 139 F.3d 755, 757 (9th Cir.1998).  In classifying the order of payment for creditors' claims, the Bankruptcy Code affords the highest level of priority to "administrative expenses." 11 U.S.C. § 507(a)(1); *Abercrombie v. Hayden Corp. (In re Abercrombie),* 139 F.3d at 756.

In order to limit abuses of the administrative expense priority, Courts require that a claimant show that the debt for which it seeks an administrative priority: (1) arose from a transaction with the debtor-in-possession and (2) directly and substantially benefitted the estate. *In re Abercrombie,* 139 F.3d at 757. "Critically ... only *post-petition* debts can be treated as administrative expenses; *pre-petition* debts may not be granted administrative-expense priority." *In re Kadjevich,* 220 F.3d at 1019 (emphasis in original). *See In re BCE West, L.P.,* 319 F.3d 1166, 1172 (9th Cir. 2003).  Here, Movants' do not have a post-petition debt, which is fatal to their Motion seeking allowance and immediate payment of an administrative claim.

Simply put, the Movants' Claim as set forth in the Motion is not entitled to administrative claim status. The Debtor submits that since the Movants' Claim results from pre-petition work performed, and is calculated by the amount of pre-petition hours worked and wages earned, and solely relates to pre-petition work, the Movants' Claim did not arise from a transaction with the

1  Debtor as a debtor-in-possession, nor did they directly and substantially benefit the Debtor's

2  estate.  Accordingly, as a matter of law, the Movants' Claim is not an administrative claim and is

3  not entitled to administrative priority as a matter of law.

4                                              **IV.**

5  **FRINGE BENEFITS RELATED TO PRE-PETITION WORK PERFORMED**

6  **ARE NOT ENTITLED TO ADMINISTRATIVE EXPENSE PRIORITY STATUS**

7        The overwhelming body of law followed by Bankruptcy Courts confirms that "pre-petition

8  claims for wages and benefits due under a collective bargaining agreement are not entitled to

9  treatment as administrative expenses." *See, In re Certified Air Technologies, Inc.*, 300 B.R. at 369.

10  As opposed to the cases cited by the Movants, distinguished below, in making its determination as

11  to whether the Movants' Claim should be entitled to administrative priority, the reasoning in the *In*

12  *re Roth American, Inc.* and *In re A.C.E Elevator Co., Inc.* cases, should be applied by this Court

13  because they "foster the Code's policy to promote equality of distribution." *See, In re Certified Air*

14  *Technologies, Inc.*, 300 B.R. at 369, citing to *In re Murray Indus.*, 110 B.R. 585, 587 (Bankr.

15  M.D. Fla. 1990) (stating that "to give priority to a claimant not clearly entitled thereto is not only

16  inconsistent with the policy of equality of distribution, it dilutes the value of the priority for those

17  creditors Congress intended to prefer").

18                      *1.  **In re Roth American, Inc.***

19        In the *In re Roth American,* 975 F.2d. 949 (3rd Cir. 1992) case, a union filed claims on

20  behalf of former employees of a chapter 11 debtor seeking administrative priority status for

21  severance and vacation pay. In affirming the lower Court's decision that claims for severance pay

22  and vacation pay were allowable, but that administrative expense priority would be accorded those

23  claims only for the amount of severance and vacation pay earned post-petition, the Court noted

24  that "the prevailing view regarding vacation pay claims under a collective bargaining agreement in

25  bankruptcy is that such claims are accorded administrative priority only to the extent of the

26  proportionate part of the total vacation pay earned during the period from the beginning of the

27  bankruptcy to the date of termination of employment." *In Roth American, Inc.*, 975 F.2d at 957.

28  With respect to the severance pay claims, the Court determined that since they were the type of

1  severance claims that were paid at termination based on length of employment, the severance

2  claims only have administrative priority to the extent that they are based on service provided to the

3  estate post-petition. *Id.* Here, Movants' Claim is similar to the claims in the *Roth American* case

4  because it is attributable to work performed prior to the Petition Date.

5           **2.  *In re A.C.E. Elevator Co., Inc.***

6        The facts in *In re A.C.E. Elevator Co., Inc.* 347 B.R. 473, (Bankr. S.D.N.Y. 2006) are very

7  similar to the facts of the instant case, and support denial of the Movants' Motion. In *In re A.C.E.*

8  *Elevator Co., Inc.* trustees of employee welfare benefit plans moved for an order directing the

9  debtor to pay delinquent plan contributions as administrative claims. The trustees of the plans

10  argued that the contribution claims were entitled to administrative priority because the plans

11  accepted and processed post-petition the debtor's reports and determined the amounts owing post-

12  petition. The debtor argued that because the contributions were based upon union employees'

13  hours worked pre-petition, the contributions were pre-petition claims. *Id.* at 478. The Court

14  determined that in light of Section 503(b)(1)(A)'s plain meaning, the contributions were not

15  entitled to administrative priority status. *Id.* In making its ruling, the Court reasoned that a

16  debtor's pension plan contribution obligations, which came due post-petition but were based on

17  work performed pre-petition, were not entitled to priority under Section 503(b)(1)(A) because the

18  funding obligation did not meet either of the two requirements of Section 503(b)(1)(a). *Id* at 479.

19  In *A.C.E. Elevator Co.* the Court reasoned that "administrative priority is not based simply on an

20  obligation's due date, but, rather, depends on the date of consideration of the underlying claim."

21  *Id.* at 481. Similar to the *A.C.E. Elevator Co.* case, here, the Movants' Claim seeks contributions

22  that are based upon union employees' hours worked pre-petition that came due post-petition.

23                                **V.**

24    **THE CASES CITED BY MOVANT ARE FACTUALLY DISTINGUISHABLE**

25        In the Motion, the Movants argue that the Movants' Claim is entitled to administrative

26  claim status since the deadline to pay the underlying putative fringe benefits occurred after the

27  Petition Date (December 10, 2016). In support of the foregoing assertion, the Movants erroneously

28  rely on two cases: *Pacific Far East Line, Inc. v. Pacific Maritime Association* and *Teamsters*

1  *Industrial Security Fund v. World Sales, Inc.* As set forth below, however, these cases are both

2  distinguishable from the facts in the instant case and do not support treatment of Movants' Claim

3  as an administrative claim .

4  ### 1. *Pacific Far East Line, Inc. v. Pacific Maritime Association*

5  In *Pacific Far East Line, Inc. v. Pacific Maritime Association*, 713 F.2d 476 (9th Cir.

6  1983), decided under the old Bankruptcy Act and holding that liquidated damages in the nature of

7  a penalty may not be accorded administrative priority status,[2] under the terms of collective

8  bargaining agreements, members of the Pacific Maritime Association ("PMA"), the defendant in

9  the matter, contributed to employee benefit plans based upon the number of seaman "man-days"

10 worked during the prior month. Under that collective bargaining agreement, the debtor was

11 required to make payments based upon the man-days worked by a particular employee. In

12 deciding whether the claim asserted by PMA for contributions was an administrative claim, the

13 Court likened the contributions owing to severance pay by employees who were discharged after

14 the petition was filed. *Id.* at 478. The Court noted that its severance pay rule divides the treatment

15 of severance pay into two general types: pay at termination in lieu of notice, and payment at

16 termination based on length of employment. *Id.* The Court considered pay in lieu of notice to

17 qualify for administrative expense treatment, but determined that pay based on length of

18 employment did not quality for administrative expense treatment "because the latter is actually a

19 form of remuneration for work performed before the filing date." *Id.* The Court determined that

20 the severance payments in that case were severance payments calculated without regard to length

21 of employment because the payments were due regardless of the employees' eligibility or length

22 of service because the hours of pre-filing labor were not the consideration for the payments at

23 issue. *Id.* at 479. Certainly, the payment of severance claims is distinguishable from other types of

24 "fringe benefits" (such as Movants' Claim here) because it is "not earned from day to day and

25 does not 'accrue so that a proportionate part is payable under any circumstances. After the period

26 of eligibility is served, the full severance pay is due whenever termination of employment

27 _____

28 [2] Movant ignores this salient part of the Court's holding and improperly requests liquidated damages in the sum of $4,197.34 as part of Movants' Claim.

1  occurs.'" *In re Majestic Capital, Ltd.*, 463 B.R. 289 (Bankr. S.D.N.Y. 2012) (citing *Straus-*

2  *Duparquet, Inc. v. Local Union No. 3, IBEW*, 386 F.2d 649, 651 (2d Cir. 1967). *See also In re*

3  *Roth American, Inc.*, 975 F.2d. at 957 ("The status of severance pay claims presents a somewhat

4  different issue [than vacation pay claims under a collective bargaining agreement in

5  bankruptcy]."). Thus, the holding in the *Pacific Far East Line, Inc.* is not applicable to this instant

6  case.

7  ## 2.  *Teamsters Industrial Security Fund v. World Sales, Inc.*

8  In *Teamsters Industrial Security Fund v. World Sales, Inc. (In re World Sales, Inc.)*, 183

9  B.R. 872 (9th Cir. B.A.P. 1995), the Bankruptcy Appellate Panel held that "a debtor's unperformed

10  post-petition obligations under an unmodified or unrejected CBA are beyond the scope of 365(g),

11  and claims based on such post-petition breaches must be given administrative status." *Id. at 878.*

12  In the case, a creditor-employees' benefit plan sought administrative expense priority payment for

13  debtor-employer's monthly contribution to its employees' health plan. Pursuant to the CBA

14  between the parties, the debtor agreed to contribute to the fund a specified amount per calendar

15  month for each employee that works one day or more in any calendar month. *Id.* at 873. In other

16  words, under the CBA if an employee worked a single day of work during the prior month, it

17  entitled the employee to the monthly benefit. *Id.* at 876. The CBA was in effect at the time of the

18  debtor's bankruptcy filing; however, 18 days after the bankruptcy filing, the debtor laid off its

19  employees and sold its assets. *Id.* The issue with which the Court was presented was whether the

20  benefit plan was entitled to an administrative claim for the full amount due to the union under the

21  CBA for the relevant post-petition (even though the employees were terminated after 18 days) or

22  only the first 18 days after the bankruptcy filing (before the employees were terminated). The

23  Court reasoned that the amount due for the entire month was owed because, under the CBA, if an

24  employee worked one day, then the amount of the entire month became due. *Id.* Since the relevant

25  employees worked at least one day post petition then the amount for the entire amount under the

26  CBA became due. *Id.* The Court, however, distinguished its case from the *In re Roth American,*

27  *Inc.* case, where, as discussed above, wages were earned pre-petition and post-petition and where

28  the Court restricted the administrative priority to employees' claims for severance and vacation

1  pay under a CBA to only that portion earned post-petition. *Teamsters Industrial Security Fund v.*

2  *World Sales, Inc.*, 183 B.R. at 877. In distinguishing the *In re Roth American* case, the Court in

3  *World Sales, Inc.* stated that "the vacation and severance pay at issue [in the *Roth American* case]

4  had been earned both before and after the filing of the petition, and therefore, **division of the**

5  **claims was appropriate**." *Id.* (emphasis added).  The Debtor's case is distinguishable from the

6  *World Sales* case because the amount of the Movants' Claim is directly related the hours and time

7  worked and therefore a division of the pre-petition claims and post-petition claims is available

8  and, as was in the *Roth American* case, appropriate.[3]

9                                                                  **VI.**

10  **LIQUIDATED DAMAGES RELATED TO FRINGE BENEFIT CONTRIBUTIONS**

11  **ARE GENERAL UNSECURED CLAIMS**

12          Although the Debtor's position is that Movants' Claim is not entitled to any administrative

13  priority, it is also the case that Movants improperly include liquidated damages in the amount of

14  $4,197.34 in the Movants' Claim. However, this is not a proper component of the Movants'

15  Claim, and should be stricken entirely. The well-reasoned decision of the Court in *In re FasTech*

16  *Services* supports the conclusion that penalties for failing to timely pay post-petition fringe

17  benefits are not entitled to administrative expense status. *In re FasTech Services,*  2012 WL

18  1190289 at 2. There, the Court reasoned that it is difficult to see how liquidated damages in the

19  nature of a penalty could qualify as an expense necessary to preserve the estate and that liquidated

20  damages in the nature of a penalty are not a form of compensation for a benefit to the estate and

21  thus may not be accorded administrative priority status. *Id.* at 2. *See also, In re Fred Swain, Inc.,*

22  97 B.R. 660 (Bankr. S.D. Fla. 1989).  Here, the Movants have not provided any evidence of any

23  benefit that the liquidated damages provide.

24          The case of *In re World Sales, Inc.* is factually distinguishable from the case here. In

25  *World Sales*, the Debtor ceased business operations 18 days after the petition date; however the

26  employee's benefit plan sought an administrative priority payment for the entire monthly

27  _____

28  [3] *See*, Motion page 2 lines 24 – 25.

1  contribution to the employees' health plan. *In re World Sales, Inc.* 183 B.R at 873. The

2  bankruptcy court awarded an administrative claim for 18/31 of the monthly health plan

3  contribution, based on that being the only portion that related to post-petition work; relegated to

4  treatment as a general unsecured claim the liquidated damages requested; and disallowed any

5  award of attorneys' fees. *Id.* On appeal, the Bankruptcy Appellate Panel vacated the Order and

6  remanded the case for further proceedings to determine both the reasonable amount of attorneys'

7  fees and liquidated damages incurred post-petition. *Id.* at 878-879. No amount of liquidated

8  damages was awarded administrative priority for any pre-petition sums allegedly incurred. *Id.* at

9  878-879.

10      Thus, based on the foregoing case law, the liquidated damages of $4,197.34 included in

11  Movants' Claim is not entitled to administrative priority status.

12                                                    **VII.**

13      **SECTION 1113 DOES NOT PREEMPT THE PRIORITY SCHEME OF 507**

14      The Movants argue that the Debtor has a duty to abide by the Master Agreements and

15  therefore, the Debtor is required to immediately pay the outstanding Movants' Claim. In other

16  words, the Movants argue that their claim for fringe benefits is entitled to super-priority status.

17  Movants are incorrect.

18      In the case of *In re Certified Air Technologies, Inc.*, the trust funds there also incorrectly

19  argued that Section 1113 establishes a super priority status for wage and benefit claims arising out

20  of collective bargaining agreements. *In re Certified Air Technologies, Inc.*, 300 B.R. at 360-1. In

21  determining whether Section 1113 trumps the priorities established by Congress in Section 507,

22  the Court rejected squarely the Court's holding in *In re Unimet Corp.,* 842 F.2d 879 (6th Cir.

23  1988), which was also cited by the Movants in their Motion. The Court in *In re Certified Air*

24  *Technologies, Inc.* eloquently ruled that:

25      Section 1113 was enacted to protect the existence of collective bargaining
    agreements in chapter 11 cases, not to re-order the priority scheme set by
26      Congress in § 507. Had Congress intended for § 1113 to create a super-priority
    for pre-petition wage and benefit claims arising under a collective bargaining
27      agreement, it would have either included language in § 1113 similar to that
    incorporated into § 1114 or amended § 507 to reflect the change it intended.
28      Because Congress neither included explicit language in § 1113 to supercede § 507

nor amended § 507 to specifically create a super-priority status for such claims, the court concludes that pre-petition claims for wages and benefits due under a collective bargaining agreement are not entitled to treatment as administrative expenses but are to be accorded priority consistent with § 507.

*Id.* at 369.

If is determined that the Movants' Claim is an administrative claim, the Movants have not cited any case law or statute that entitles it to immediate payment as a super-priority administrative claim. All administrative expense creditors must be treated with absolute equality, unless some creditors, with full knowledge of the facts, have agreed to subordinate their claims. [4] *In re Cochise Coll. Park, Inc.*, 703 F.2d 1339 (9th Cir. 1983); *See also, In re MS Freight Distribution, Inc.*, 172 B.R. 976, 980 (Bankr. W.D. Wash. 1994) (Stating that the general rule is that all administrative expense creditors must be treated with absolute equality unless a creditor agrees to subordinate its claims or unless the Code specifically provides otherwise and ruling that a landlord's administrative claim for rent was not entitled to immediate payment). At this juncture, the Debtor does not know whether there will be sufficient funds to pay all administrative claims in full because Movants have substantially interfered with the Debtor's ability to be paid by its clients. The Debtor's efforts to liquidate its assets have not yet concluded, so the Debtor does not know the amount of funds it will have to pay allowed claims. Additionally, since a bar date has not yet been set, the Debtor does not know the total amount of secured claims that will be asserted which may be entitled to payment ahead of administrative claims and the Debtor does not know whether any other administrative claims will be asserted. Likewise, since professionals employed by the estate and the Committee are continuing to render services, the Debtor is unable at this time to accurately predict the total of allowed professional fee claims, which are also entitled to administrative claim priority. Without all of the foregoing information, the Debtor cannot conclude whether the estate will be administratively solvent. If the estate is administratively insolvent, administrative claimants will only be entitled to *pro rata* distributions

---

[4] Obviously, there are other administrative claims that have been incurred by the Debtor's estate and none of the holders of those other administrative claims have supported the Movants' Motion or request for a super-priority payment.

on their allowed claims and it is premature at this time to determine what the *pro rata* distribution will be for administrative claimants.  As a result, payment of Movants' Claim (to the extent it is found to even be an administrative claim) in full at this time may prejudice other administrative claimants.

Thus, to the extent that the Movants' Claim is allowed as an administrative claim, it is not entitled to treatment as a super-priority administrative claim and is not entitled to immediate payment.

## VIII.

## <u>CONCLUSION</u>

Based on all of the foregoing, the Debtor respectfully requests that the Court deny the relief sought in the Motion in its entirety.

Dated: January 19, 2017                 STEINY AND COMPANY, INC.


                                   By:    */s/ Lindsey L. Smith*
                                        Ron Bender
                                        Beth Ann R. Young
                                        Jacqueline L. James
                                        Lindsey L. Smith
                                        LEVENE, NEALE, BENDER,
                                        YOO & BRILL L.L.P.
                                        Attorneys for Chapter 11 Debtor and Debtor
                                        in Possession

**DECLARATION OF SUSAN STEINY**

I, Susan Steiny, hereby declare as follows:

1.      I am over 18 years of age.  I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto.

2.      I am the Chief Executive Officer and President of Steiny and Company, Inc. (the "Debtor").  Based on my position with the Debtor, I have access to the Debtor's books and records and am familiar with them. The Debtor's books and records form the basis for any statements in this declaration constitute writings taken, made, or maintained in the regular or ordinary course of the Debtor's business at or near the time of act, condition or event to which they relate by persons employed by the Debtor who had a business duty to the Debtor to accurately and completely take, make, and maintain such records and documents. Based on my positions with the Debtor, I am also familiar with the history, organization, operations, and financial condition of the Debtor.

3.      I make this declaration in support of the opposition to which this declaration is annexed. All capitalized terms not defined herein shall have the same meanings afforded to them as in the opposition.

4.      On November 28, 2016 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code.  The Debtor continues to operate its business, manage its financial affairs and operate its bankruptcy estate as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

5.      The Debtor is a party to the Master Agreements (as that term is defined in the Motion) with the Movants.

6.      The Movants' employee payroll periods end on Sundays. The total amount of fringe benefits owed for a particular time period is based upon the hours worked and wages earned by the union employees during the relevant time period covered for the prior month.

7.      The relevant time period covered for the prior month and included in Movants' Claim ended on Sunday, November 27, 2016 (the day before the Petition Date), because this was the end of the last full payroll period in the month prior to the December 10, 2016 due date.

1       8.     The Debtor has not yet rejected or assumed the Master Agreements pursuant to

2 Section 1113 of the Bankruptcy Code.

3      I declare and verify under penalty of perjury that the foregoing is true and correct to the

4 best of my knowledge.

5      Executed this 19th day of January 2017, in _____ California.

6

7                            SUSAN STEINY

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled **DEBTOR'S OPPOSITION TO  MOTION FOR ADMINISTRATIVE EXPENSES; DECLARATION OF SUSAN STEINY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **January 19, 2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ *Service information continued on attached page*

**2.  SERVED BY UNITED STATES MAIL**: On **January 19, 2017**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ *Service information continued on attached page*

**3.   SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **January 19, 2017**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

<u>Courtesy Copy Via Overnight Delivery (GSO)</u>
Hon. Julia W. Brand
United States Bankruptcy Court
255 E. Temple Street, Suite 1382
Los Angeles, CA 90012

☐ *Service information continued on attached page*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| **January 19, 2017** | John Berwick | */s/ John Berwick* |
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

1

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

2

Matthew T Bechtel on behalf of Creditor Trustees of the Southern California IBEW-NECA Pension Plan, et al., Bechtel@luch.com, cheryl@luch.com,kimberley@luch.com,gina@luch.com

3

4

Ron Bender on behalf of Debtor Steiny and Company, Inc.
rb@lnbyb.com

5

Ron Bender on behalf of Plaintiff STEINY AND COMPANY, INC.
rb@lnbyb.com

6

7

Robert J Berens on behalf of Creditor Liberty Mutual Insurance Company
rjb@smtdlaw.com, srodriguez@smtdlaw.com

8

Robert J Berens on behalf of Creditor Safeco Insurance Company Of America
rjb@smtdlaw.com, srodriguez@smtdlaw.com

9

Scott E Blakeley on behalf of Interested Party Courtesy NEF
seb@blakeleyllp.com, ecf@blakeleyllp.com

10

William S Brody on behalf of Interested Party Courtesy NEF
wbrody@buchalter.com, dbodkin@buchalter.com;IFS_filing@buchalter.com

11

12

Ronald Clifford on behalf of Creditor Committee Official Committee of Unsecured Creditors
rclifford@blakeleyllp.com, ecf@blakeleyllp.com;seb@blakeleyllp.com;info@ecf.inforuptcy.com

13

Caroline Djang on behalf of Interested Party Courtesy NEF
cdjang@rutan.com

14

15

Luke N Eaton on behalf of Creditor Consolidated Electrical Distributors, Inc.
eatonl@pepperlaw.com

16

Anne K Edwards on behalf of Creditor Rodi Pollock Pettker Christian & Pramov
aedwards@rodipollock.com

17

18

Kerry K Fennelly on behalf of Creditor Inland Empire IBEW-NECA Trust Funds
kfennelly@donaldsonandcornwell.com,
fileclerk@donaldsonandcornwell.com;lsheridan@donaldsonandcornwell.com;kditty@donaldsonandcornwell.com;vmindirgasova@donaldsonandcornwell.com;jbaldwin@donaldsonandcornwell.com

19

20

Jon F Gauthier on behalf of Interested Party Flatiron West, Inc.
jgauthier@ftblaw.com, jrobinson@ftblaw.com

21

22

Michael I Gottfried on behalf of Creditor Enterprise Rent-A-Car of Los Angeles, dba Enterprise Fleet Service
mgottfried@lgbfirm.com,
kalandy@lgbfirm.com;cboyias@lgbfirm.com;srichmond@lgbfirm.com;sdeiches@lgbfirm.com;mmocciaro@lgbfirm.com

23

24

Jacqueline L James on behalf of Debtor Steiny and Company, Inc.
jlj@lnbyb.com

25

Jacqueline L James on behalf of Interested Party Courtesy NEF
jlj@lnbyb.com

26

27

Jacqueline L James on behalf of Plaintiff STEINY AND COMPANY, INC.
jlj@lnbyb.com

28

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                          **F 9013-3.1.PROOF.SERVICE**

1

2
Michael Y Jung on behalf of Creditor Trustees of the Southern California IBEW-NECA Pension Plan, et al.,
jung@luch.com, gina@luch.com,kimberley@luch.com

3

4
Michael Y Jung on behalf of Interested Party Courtesy NEF
jung@luch.com, gina@luch.com,kimberley@luch.com

5
Susan Graham Lovelace on behalf of Creditor Trustees of the Southern California IBEW-NECA Pension Plan, et al.,

6
lovelace@luch.com, jason@luch.com,kimberley@luch.com

7
Susan Graham Lovelace on behalf of Defendant CONTRACT COMPLIANCE FUND
lovelace@luch.com, jason@luch.com,kimberley@luch.com

8
Susan Graham Lovelace on behalf of Defendant THE LOS ANGELES WORKERS CREDIT UNION ADMINISTRATIVE MAINTENANCE FUND

9
lovelace@luch.com, jason@luch.com,kimberley@luch.com

10
Susan Graham Lovelace on behalf of Defendant TRUSTEES OF THE INLAND EMPIRE IBEW-NECA LABOR MANAGEMENT COOPERATION COMMITTEE

11
lovelace@luch.com, jason@luch.com,kimberley@luch.com

12
Susan Graham Lovelace on behalf of Defendant TRUSTEES OF THE LOS ANGELES COUNTY ELECTRICAL EDUCATIONAL AND TRAINING TRUST FUND

13
lovelace@luch.com, jason@luch.com,kimberley@luch.com

14
Susan Graham Lovelace on behalf of Defendant TRUSTEES OF THE NATIONAL ELECTRICAL BENEFIT FUND

15
lovelace@luch.com, jason@luch.com,kimberley@luch.com

16
Susan Graham Lovelace on behalf of Defendant TRUSTEES OF THE NATIONAL IBEW-NECA LABOR MANAGEMENT COOPERATION COMMITTEE

17
lovelace@luch.com, jason@luch.com,kimberley@luch.com

18
Susan Graham Lovelace on behalf of Defendant TRUSTEES OF THE RIVERSIDE COUNTY ELECTRICAL EDUCATION AND TRAINING TRUST FUND

19
lovelace@luch.com, jason@luch.com,kimberley@luch.com

20
Susan Graham Lovelace on behalf of Defendant TRUSTEES OF THE RIVERSIDE COUNTY HEALTH AND WELFARE TRUST FUND

21
lovelace@luch.com, jason@luch.com,kimberley@luch.com

22
Susan Graham Lovelace on behalf of Defendant TRUSTEES OF THE SOUTHERN CALIFORNIA IBEV/-NECA SUPPLEMENTAL UNEMPLOYMENT BENEFIT TRUST FUND

23
lovelace@luch.com, jason@luch.com,kimberley@luch.com

24
Susan Graham Lovelace on behalf of Defendant TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA DEFINED CONTRIBUTION TRUST FUND

25
lovelace@luch.com, jason@luch.com,kimberley@luch.com

26
Susan Graham Lovelace on behalf of Defendant TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA HEALTH TRUST FUND

27
lovelace@luch.com, jason@luch.com,kimberley@luch.com

28
Susan Graham Lovelace on behalf of Defendant TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA LABOR-MANAGEMENT COOPERATION COMMITTEE
lovelace@luch.com, jason@luch.com,kimberley@luch.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                    F 9013-3.1.PROOF.SERVICE

1    Susan Graham Lovelace on behalf of Defendant TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-
     NECA PENSION PLAN
2    lovelace@luch.com, jason@luch.com,kimberley@luch.com

3    Alvin Mar on behalf of U.S. Trustee United States Trustee (LA)
     alvin.mar@usdoj.gov
4
     David W. Meadows on behalf of Interested Party Courtesy NEF
5    david@davidwmeadowslaw.com

6    Donna T Parkinson on behalf of Creditor ZB, N.A. dba Zions Bank
     donna@parkinsonphinney.com
7
     Thomas Phinney on behalf of Creditor ZB, N.A. dba Zions Bank
8    tom@parkinsonphinney.com

9    Raymond A Policar on behalf of Creditor Quinn Rental Services, Inc.
     policarlaw@att.net
10
     Jeffry D Sackman on behalf of Creditor Construction Laborers Trusts
11   jds@rac-law.com

12   Ali Salamirad on behalf of Creditor Liberty Mutual Insurance Company
     as@smtdlaw.com, rb@smtdlaw.com
13
     Ali Salamirad on behalf of Creditor Safeco Insurance Company Of America
14   as@smtdlaw.com, rb@smtdlaw.com

15   Wayne A Silver on behalf of Creditor Santa Clara VTA
     w_silver@sbcglobal.net
16
     Lindsey L Smith on behalf of Debtor Steiny and Company, Inc.
17   lls@lnbyb.com, lls@ecf.inforuptcy.com

18   Lindsey L Smith on behalf of Interested Party Courtesy NEF
     lls@lnbyb.com, lls@ecf.inforuptcy.com
19
     Lindsey L Smith on behalf of Plaintiff STEINY AND COMPANY, INC.
20   lls@lnbyb.com, lls@ecf.inforuptcy.com

21   Nicholas Starkman on behalf of Creditor Cement Masons Trust Funds
     nstarkman@wkclegal.com, syoung@wkclegal.com
22
     Jolene Tanner on behalf of Creditor UNITED STATES OF AMERICA on behalf of the INTERNAL
23   REVENUE SERVICE
     jolene.tanner@usdoj.gov, USACAC.criminal@usdoj.gov
24
     United States Trustee (LA)
25   ustpregion16.la.ecf@usdoj.gov

26   Kirsten A Worley on behalf of Creditor Clark Construction Company
     kw@wlawcorp.com, admin@wlawcorp.com
27
     Kirsten A Worley on behalf of Creditor Mass. Electric Construction Company
28   kw@wlawcorp.com, admin@wlawcorp.com

     Beth Ann R Young on behalf of Plaintiff STEINY AND COMPANY, INC.
     bry@lnbyb.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                    **F 9013-3.1.PROOF.SERVICE**