Scott E. Blakeley (State Bar No. 141418)
E-Mail: SEB@BlakeleyLLP.com
Ronald A. Clifford (State Bar No. 246542)
E-Mail: RClifford@BlakeleyLLP.com
BLAKELEY LLP
18500 Von Karman Ave., Suite 530
Irvine, California 92612
Telephone: (949) 260-0611
Facsimile: (949) 260-0613

Proposed Counsel for the
Official Committee of Unsecured Creditors of
Steiny and Company, Inc.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No. 2:16-bk-25619-WB |
| STEINY AND COMPANY, INC., | Chapter 11 |
| Debtor. | **OPPOSITION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO NOTICE OF MOTION AND MOTION FOR ADMINISTRATIVE EXPENSES** |
| | **Hearing Date, Time and Location** |
| | Date: February 2, 2017 |
| | Time: 10:00 a.m. |
| | Location: 255 E. Temple St. |
| | Courtroom 1375 |
| | Los Angeles, CA 90012 |

The Official Committee of Unsecured Creditors (the "Committee") of Steiny and Company, Inc. (the "Debtor"), by and through its undersigned proposed counsel, hereby submits its Opposition to *Notice of Motion and Motion for Administrative Expenses* (the "Motion") filed by the Trustees (the "Trustees") of the Southern California IBEW-NECA Pension Plan, Southern California IBEW-

**OPPOSITION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO NOTICE OF MOTION AND MOTION FOR ADMINISTRATIVE EXPENSES**

1

NECA Defined Contribution Trust Fund, Southern California IBEW-NECA Health Trust Fund, Southern California IBEW-NECA Supplemental Unemployment Benefit Trust Fund, National Electrical Benefit Fund, Southern California IBEW-NECA Labor-Management Cooperation Committee, National NECA-IBEW Labor-Management Cooperation Committee Trust Fund, Contract Compliance Fund, and Los Angeles Electrical Workers Credit Union (collectively, hereinafter, the "Trusts"), and further thereto, respectfully provides as follows:

**INTRODUCTION**

The Debtor filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on November 28, 2016 at 5:08 p.m. (the "Petition Date").

Through the Motion, the Trustees, on behalf of one or more of the Trusts, request allowance and payment of "fringe benefit contributions" in the amount of $139,911.40 that the Trustees claim were due and owing on December 10, 2016 under certain collective bargaining agreements for the month of November 2016. *See* Memorandum of Points and Authorities, Docket No. 117, p. 3, lines 19-23. The Trustees also request allowance and payment as administrative expense priority claims, prejudgment interest in the total amount of $829.49, liquidated damages of $4,197.34, and $5,847 in attorneys' fees.

At the outset, the Committee makes it known that it is aware of the value of the Debtor's employees and the unions they are members of. The Debtor's employees are an integral measure of the Debtor's value. Any opposition to the Motion is not an opposition directed at the worth of the Debtor's employees or unions. The Committee is committed to doing what can be done to ensure that all creditors of the Debtor's estate are paid in full for the amounts owed by the Debtor.

Fundamentally, the Committee opposes the Motion on the grounds that (1) there is an insufficient showing to rule on the Motion one way or the other, (2) it is quite possible that the amounts largely sought by the Trustees as an administrative claim are in-fact unsecured claims, and (3) the Trustees have made no showing that any administrative claim allowed by this Court through the Motion should be paid any earlier than through a plan.

The Committee submits that the Motion should be denied, without prejudice, to allow the Trustees to remedy the evidentiary issues raised *infra*, or, in the alternative, the Court should rule that the Trusts are entitled to claims as set forth herein, and which claims are to be paid through a plan.

## ARGUMENT

**I.    Entitlement to Administrative Expense Priority Claim**

The Trustees argue that "[c]ontributions payable post-petition for hours worked pre-petition are properly considered administrative expenses." *Id.* at p. 7, lines 14-16. The Trustees rely on two (2) sources for this assertion, *In re Pacific Far East Line, Inc.*, 713 F.2d 476 (9th Cir. 1983) and *In re World Sales, Inc.*, 183 B.R. 872 (9th Cir. BAP 1995). The cases cited by the Trustees fail, at least partially, to make its argument for two (2) reasons. First, *In re World Sales, Inc.* stands for the proposition that employee benefit contributions that accrue post-petition because of post-petition hours worked are entitled to administrative expense priority. There is a chance that a part of the hours worked by the Debtor's employees for the month of November occurred post-petition, and therefore comprise an administrative claim for the benefits apportioned to those hours, but as will be explained, the Court does not have enough evidence to make that determination.

Second, *In re Pacific Far East Line, Inc.* deals with the law as it stood prior to the enactment of the 1978 Bankruptcy Act. While the court in that case may have correctly ruled on the law as it stood at the time, the law has since changed, and under the BAPCPA, the holding of *In re Pacific Far East Line, Inc.* is obsolete.

**A.    Claims for Contributions to Employee Benefit Plans That Accrue Post-Petition May Be Entitled to Administrative Expense Priority**

As to employee benefit contributions that accrue post-petition, *In re World Sales, Inc.* stands for the proposition that those contributions are entitled to administrative expense priority under Section 503(b)(1). As the *In re World Sales, Inc.* court stated in its issues presented, the entire focus of the case was "on payments due in collective bargaining provisions for post-petition work…" 183 B.R. 875. The court held that "[w]here the performance for which such compensation is due accrues

**OPPOSITION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO NOTICE OF MOTION
AND MOTION FOR ADMINISTRATIVE EXPENSES**

3

post-petition, the payment owing by the estate must be afforded administrative priority." *Id.* at 877. The Committee has not found any authority to contradict this point.

In the case at bar, it is possible that a portion of the amounts being claimed by the Trustees accrued post-petition. As best as the Committee can surmise, the amounts being requested by the Trustees relate to the month of November 2016. It is clear that most, if not all of the benefits are accrued by hours worked during a given month. For example, for the Pension Fund Contributions, there is an amount paid "per hour for each hour worked by each employee…" *See* Memo of P's and A's, Exhibit C, p.8, Section 7.20. The problem here is that all of the summaries attached to the Motion that provide the calculation of amounts owed are monthly summaries. *Id.* at Exhibit G. The summaries do not break down the amounts owed by day and hour.

The Petition Date occurred on November 28, 2016, at 5 p.m. Those employee benefit contributions that accrued by hours worked between November 28, 2016, at 5 p.m., and November 30, 2016 may be entitled to administrative expense priority. The Trustees, however, have not provided sufficient information for parties to understand what hours were actually worked post-petition, and what amount of benefits should be apportioned to those hours. "The burden of proof to demonstrate that a claim is an administrative expense is on the movant." *See In re Guillebeaux*, 361 B.R. 87, 91 (Bankr. M.D.N.C. 2007); *see also In re Sinclair*, 92 B.R. 787, 788 (Bankr. S.D. Ill. 1988). As will be discussed later, the only entitlement to an administrative claim the Trustees have under the Motion is for benefits apportioned to hours worked post-petition, and the Trustees simply have not provided any evidence that any hours were worked post-petition. The Motion fails under Section 503(b) of the Bankruptcy Code.

**B**.    **Claims for Contributions to Employee Benefit Plans That Accrue Pre-Petition Are Not Entitled to Administrative Expense Priority Under Section 503(b) of the Bankruptcy Code**

Again, the Trustees argue that "[c]ontributions payable post-petition for hours worked pre-petition are properly considered administrative expenses." *Id.* at p. 7, lines 14-15. As discussed *supra*, *In re Pacific Far East Line, Inc.* and *In re World Sales, Inc.* are the support for the Trustees

**OPPOSITION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO NOTICE OF MOTION AND MOTION FOR ADMINISTRATIVE EXPENSES**

4

argument here. *Id.* at lines 15-16. In the prior section of this Opposition, the Committee has already dispensed with the argument that *In re World Sales, Inc.* applies to employee benefit contributions that are associated with hours worked pre-petition. That case dealt solely with post-petition hours worked. It is also true that *In re Pacific Far East Line, Inc.* does not apply on the facts here.

*In re Pacific Far East Line, Inc.* was decided in 1983 interpreting "section 64(a)(1) of the old Bankruptcy Act…" 713 F.2d at 477. Section 64(a)(1), 11 USC § 104(a)(1) was repealed in 1978 with the passage of the Bankruptcy Reform Act of 1978. *Id.*; *see also In re Health Maintenance Foundation*, 680 F.2d 619 (9th Cir. 1982). With the enactment of the 1978 Bankruptcy Reform Act, "Congress promulgated § 507 and provided separate priorities for 'wages, salaries, or commissions, including vacation, severance, and sick leave pay' and 'claims for contributions to an employee benefit plan.'" *In re Crafts Precision Industries, Inc.*, 244 B.R. 178, 182 (1st Cir. BAP 2000).

In its current form, Section 507(a)(5) provides:

> The following expenses and claims have priority in the following order…Fifth, allowed unsecured claims for contributions to an employee benefit plan (A) arising from services rendered within the 180 days before the date of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first…

Courts in this district have held that "pre-petition claims for wages and benefits due under a collective bargaining agreement are not entitled to treatment as administrative expenses but are to be accorded priority consistent with § 507." *In re Certified Air Technologies, Inc.*, 300 B.R. 355, 369 (Bankr. C.D. Cal. 2003).

Other courts have agreed with courts in this district. The court in *In re A.C.E. Elevator Co., Inc.* held that "a debtor's pension plan contribution obligations, which came due postpetition but were based on work performed by the debtor's employees prepetition, were not entitled to priority under section 503(b)(1)(A)." 347 B.R. 473, 480 (Bankr. S.D.N.Y. 2006)(citing *In re Finley, Kumble*, 160 B.R 882, 887-91 (Bankr. S.D.NY. 1993). The court went on to hold that "[i]f the contributions at issue are in respect of employees' services that were rendered prepetition, as here, under the plain meaning of Bankruptcy Code section 503(b)(A) and the rationale of the foregoing decisions, the claim for such contributions cannot be accorded priority status under Bankruptcy Code sections 503(b)(1)(A) and 507(a)(1)." *Id.* at 480.

The plain reading of Section 507(a)(5) of the Bankruptcy Code, and its interpretation by courts, make it clear that to the extent there are amounts that accrue under a collective bargaining agreement for contributions to an employee benefit plan, those amounts are unsecured, pre-petition claims with fifth priority, to the extent they relate to pre-petition services, and are not administrative expense claims as the Trustees argue.

As discussed in the previous section of this Opposition, there may be an apportioning that is appropriate in this case. As stated by the *In re World Sales, Inc.* court, "[t]he parties have not provided us with a tally of employees, if any, who worked only on the single prepetition workday in October, or those who worked only post-petition, or both before filing and post-petition. Hypothetically, such distinctions could lead to or require results different than those we will reach here." *In re World Sales, Inc.*, 183 B.R. 874 footnote 4. If in *In re World Sales, Inc.* it was shown that some of the hours were worked prior to the petition date, at least as to those hours, an apportionment would be done that would make at least some of the claim unsecured.

Again, as previously cited herein, from what was provided with the Motion, it is impossible to determined which amounts of the employee contributions accrued pre-petition, and which accrued post-petition, if any, based on hours worked. Without this breakout of hours worked, by employee, and on which days, a determination as to what the Trusts are entitled to cannot be made. The Trusts may in-fact be entitled to both an unsecured and an administrative claim, but more is required for the Court to make such a ruling. Perhaps there are no amounts that attributable to post-petition services, which explain why the Trustees placed all their eggs in one basket, a 34 year old case that precedes two (2) subsequent iterations of the Bankruptcy Code, which iterations speak directly to this issue. No matter, the lack of evidence on this issue is once again glaring, and prevents approval of the Motion either way.

**II.    Any Liquidated Damages, Interest or Attorneys' Fees Are Not Entitled to Administrative Expense Priority**

The Trustees seek allowance of an administrative expense priority claim for liquidated damages, interest and attorneys' fees totaling $10,873.83. To the extent there is any interest,

**OPPOSITION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO NOTICE OF MOTION AND MOTION FOR ADMINISTRATIVE EXPENSES**

6

attorneys' fees and liquidated damages owed, those amounts are due on a pre-petition collective bargaining agreement, and are unsecured claims. These are not post-petition administrative expense claims. *See In re FasTech Services*, 2012 WL 1190289, 2.

## III. Any Administrative Expense Claim That Would Be Awarded Under the Motion Is Not Entitled to Immediate Payment

Courts generally take into account several factors in determining whether an administrative expense should be paid immediately, including the likelihood all administrative claimants will be paid in full, whether the administrative claimant could repay any payment that ultimately proves to be excessive, the status of the case, and whether the expense was incurred in the ordinary course of business. The Rutter Group, 17:730 (Thompson West 2007). Courts generally refuse to order immediate payment of an administrative claim if remaining assets are inadequate to fully pay all secured claims. *See In re Flagstaff Foodservice Corp.*, 739 F.2d 73, 75 (2nd Cir. 1984); *see also In re Hen House Interstate, Inc.*, 177 F.3d 719, 722 fn. 3 (8th Cir. 1999).

Even if the Motion was approved, and again, it should not be, there is no analysis in the Motion as to why the claim would be entitled to payment immediately. The cash collateral order that is in place runs through March 2017, and does not account for the post-petition payment of what is likely a pre-petition claim. None of the secured creditors have agreed to the use of their collateral to pay this claim. What is more, the Trustees argued in their *Supplemental Opposition to Debtor's Motion to Use Cash Collateral* that the secured creditors were grossly undersecured, and that the estate was certainly headed towards administrative insolvency. *See* Docket No. 104. It escapes all logic, then, that the Trustees would here argue that the Debtor has the ability to pay the claim being prayed for in the Motion immediately.

Should the claim be allowed, it is a pre-petition claim, and should therefore be paid at the end of the case.

## CONCLUSION

The Motion lacks sufficient evidence to grant any part of it. It is the movant's burden to provide sufficient evidence for the Court to rule in the movant's favor. Further, the law is clear as to

**OPPOSITION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO NOTICE OF MOTION AND MOTION FOR ADMINISTRATIVE EXPENSES**

how the claims for any pre-petition benefit contributions are to be treated, they are unsecured claims. Ergo, the Committee requests that the Court deny the Motion.

Dated: January 19, 2017                              BLAKELEY LLP

By:    */s/ Ronald A. Clifford*

Scott E. Blakeley
Ronald A. Clifford
Proposed Counsel for the Official Committee of Unsecured Creditors of Steiny and Company, Inc.

---

**OPPOSITION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO NOTICE OF MOTION AND MOTION FOR ADMINISTRATIVE EXPENSES**

8

Case 2:16-bk-25619-WB    Doc 137    Filed 01/19/17    Entered 01/19/17 17:11:01    Desc
Main Document    Page 9 of 10

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

18500 Von Karman Ave., Suite 530, Irvine, CA 92612.

A true and correct copy of the foregoing document entitled: **OPPOSITION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO NOTICE OF MOTION AND MOTION FOR ADMINISTRATIVE EXPENSES** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On January 19, 2017, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Matthew T Bechtel Bechtel@luch.com, cheryl@luch.com,kimberley@luch.com
Ron Bender rb@lnbyb.com
Robert J Berens rjb@smtdlaw.com, srodriguez@smtdlaw.com
William S Brody wbrody@buchalter.com, dbodkin@buchalter.com;IFS_filing@buchalter.com
Caroline Djang cdjang@rutan.com
Luke N Eaton eatonl@pepperlaw.com
Anne K Edwards aedwards@rodipollock.com
Kerry K Fennelly kfennelly@donaldsonandcornwell.com, fileclerk@donaldsonandcornwell.com;lsheridan@donaldsonandcornwell.com;kditty@donaldsonandcornwell.com;vmindirgasova@donaldsonandcornwell.com;jbaldwin@donaldsonandcornwell.com
Michael I Gottfried mgottfried@lgbfirm.com, kalandy@lgbfirm.com;cboyias@lgbfirm.com;srichmond@lgbfirm.com;sdeiches@lgbfirm.com;mmocciaro@lgbfirm.com
Jacqueline L James jlj@lnbyb.com
Alvin Mar alvin.mar@usdoj.gov
David W. Meadows david@davidwmeadowslaw.com
Donna T Parkinson donna@parkinsonphinney.com
Thomas Phinney tom@parkinsonphinney.com
Raymond A Policar policarlaw@att.net
Jeffry D Sackman jds@rac-law.com
Ali Salamirad as@smtdlaw.com, rb@smtdlaw.com
Lindsey L Smith lls@lnbyb.com, lls@ecf.inforuptcy.com
United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
Beth Ann R Young bry@lnbyb.com

☐ Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                           **F 9013-3.1.PROOF.SERVICE**

**2. SERVED BY UNITED STATES MAIL**:
On January 19, 2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Counsel to the Debtor**
Ron Bender, Esq.
Levene, Neale, Bender, Yoo & Brill L.L.P.
10250 Constellation Blvd., Ste. 1700
Los Angeles, CA 90067

**Office of the United States Trustee**
Alvin Mar, Esq.
915 Wilshire Boulevard, Ste. 1850
Los Angeles, CA 90017

**Counsel to the Trustees**
Susan Graham Lovelace, Esq.
225 South Lake Avenue, Suite 200
Pasadena, CA 91101-3030

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on January 19, 2017, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Via Overnight Mail**
Honorable Julia W. Brand
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1382
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 19, 2017 | Ronald A. Clifford | /s/ Ronald A. Clifford |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                              **F 9013-3.1.PROOF.SERVICE**