1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**LAQUER, URBAN, CLIFFORD & HODGE LLP**
Susan Graham Lovelace, State Bar No. 160913
    Lovelace@luch.com
Michael Y. Jung, State Bar No. 245260
    Jung@luch.com
225 South Lake Avenue, Suite 200
Pasadena, California 91101-3030
Tel: (626) 449-1882 | Fax: (626) 449-1958

Counsel for Creditors, Trustees of the Southern California
IBEW-NECA Pension Plan, et al.

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re: | CASE NO.: 2:16-bk-25619-WB |
| STEINY AND COMPANY, INC., | Chapter 11 |
|     Debtor. | ASSIGNED TO THE HONORABLE JULIA W. BRAND |
| | **TRUSTEES' REPLY IN SUPPORT OF MOTION FOR ADMINISTRATIVE EXPENSES** |

<u>HEARING DATE</u>
Date: February 2, 2017
Time: 10:00 a.m.
Ctrm: 1375
Edward R. Roybal Federal Building
255 E. Temple Street
Los Angeles. California 90012

# **TABLE OF CONTENTS**

**PAGE**

I.    INTRODUCTION ............................................................... 1

II.   THE CASES CITED BY THE TRUSTEES REMAIN GOOD LAW IN
      THE NINTH CIRCUIT .................................................... 2

III.  THE COMMITTEE OPPOSITION AND DEBTOR OPPOSITION ARE
      DEVOID OF CONTROLLING AUTHORITY .................................. 4

IV.   DEBTOR HAS BREACHED AND CONTINUES TO BREACH ITS
      COLLECTIVE BARGAINING AGREEMENTS IN VIOLATION OF 11
      U.S.C. §1113 ............................................................ 7

V.    THE TRUSTEES ARE ENTITLED TO IMMEDIATE PAYMENT OF
      THE ADMINISTRATIVE EXPENSES ...................................... 8

VI.   THE TRUSTEES OBJECT TO THE CONTINUANCE OF THE
      HEARING ON THEIR MOTION AS REQUESTED IN THE
      LABORERS RESPONSE ................................................... 11

VII.  CONCLUSION ............................................................. 12

TRUSTEES' REPLY IN SUPPORT OF MOTION FOR ADMINISTRATIVE EXPENSES

1115817

# TABLE OF AUTHORITIES

**PAGE**

Cases

*Central States, Southeast and Southwest Areas Pension Fund v. Alco Express Company,*
522 F.Supp. 919 (E.D. Mich. 1981) ............................................................................6

*In re A.C.E. Elevator Co., Inc.,*
347 B.R. 473, (Bankr. S.D.N.Y. 2006) ......................................................................5

*In re Certified Air Technologies, Inc.,*
300 B.R. 355 (Bankr. C.D. Cal. 2003) .......................................................................4

*In re FasTech Servs., Inc.,*
No. 10-81323, 2012 WL 1190289 (Bankr. C.D. Ill. Apr. 9, 2012) ...........................5

*In re Lazar,*
207 B.R. 668, fn. 11 (Bankr. C.D. Cal. 1997) ...........................................................4

*In re M & S Grading, Inc.,*
No. BK02-81632-TJM, 2009 WL 2501066 (Bankr. D. Neb. July 27, 2009) .............3

*In re Pacific Far East Line, Inc.,*
713 F.2d 476 (9th Cir. 1983) ...............................................................2, 3, 4, 5, 7

*In re W. Farmers Ass'n,*
13 B.R. 132 (Bankr. W.D. Wash. 1981) ....................................................................9

*In re World Sales, Inc.,*
183 B.R. 872 (B.A.P. 9th Cir. 1995) ..........................................................3, 4, 5, 7, 10

*New York State Teamsters Conference Pension & Retirement Fund v. Fratto Curbing Co.,*
875 F. Supp. 129 (N.D.N.Y. 1995) .............................................................................7

*Trs. of the Constr. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co.,*
460 F.3d 1253 (9th Cir. 2006) ...................................................................................7

///

Statutes

11 U.S.C. §1113 ................................................................................ 2, 5, 7, 8, 11

11 U.S.C. §503 .................................................................................... 2, 3, 4, 5

11 U.S.C. §507 ............................................................................................ 3, 5

29 U.S.C. §1132(g)(2) ................................................................................... 6

TRUSTEES' REPLY IN SUPPORT OF MOTION FOR ADMINISTRATIVE EXPENSES

1115817

## I.    INTRODUCTION.

Creditors, Trustees ("Trustees") of the Southern California IBEW-NECA Pension Plan, Southern California IBEW-NECA Defined Contribution Trust Fund, Southern California IBEW-NECA Health Trust Fund ("Health Fund"), Southern California IBEW-NECA Supplemental Unemployment Benefit Trust Fund, Los Angeles County Electrical Educational and Training Trust Fund, National Electrical Benefit Fund, Southern California IBEW-NECA Labor-Management Cooperation Committee, National NECA-IBEW Labor-Management Cooperation Committee Trust Fund, Contract Compliance Fund, and Los Angeles Electrical Workers Credit Union (collectively "Trusts"), submit this reply in support of the Trustees' Motion for Administrative Expenses ("Motion") set for hearing before this Court on February 2, 2017, and in response to the Opposition of the Official Committee of Unsecured Creditors to Notice of Motion and Motion for Administrative Expenses ("Committee Opposition"), the Debtor's Opposition to Motion for Administrative Expenses ("Debtor Opposition"), and the Response By Construction Laborers Trusts In Support of Motion by IBEW-NECA for Administrative Expenses; Request to Continue Motion ("Laborers Response").

Neither the Committee nor Debtor dispute that Debtor failed to pay to the Trusts fringe benefit contributions for November 2016 that did not become due until December 10, 2016. The Trustees' Motion cites two Ninth Circuit decisions which clearly support the Trustees' request for payment of fringe benefit contributions that became due and owing after Debtor filed its petition for bankruptcy as administrative expenses. The Debtor and Committee's attempts to differentiate the controlling cases cited by the Trustees fail. Moreover, neither the Committee Opposition nor the Debtor Opposition cites a single controlling Ninth Circuit case supporting their respective positions. This is because no such case exists. For the reasons set forth herein and in the Trustees' moving papers, the Trustees' Motion should be granted.

TRUSTEES' REPLY IN SUPPORT OF MOTION FOR ADMINISTRATIVE EXPENSES

1115817

## II.    THE CASES CITED BY THE TRUSTEES REMAIN GOOD LAW IN THE NINTH CIRCUIT.

Neither the Committee nor the Debtor dispute that 11 U.S.C. §1113 prohibits the Debtor from unilaterally modifying any provision of its collective bargaining agreements.  Debtor does not dispute that it has continued to employ labor provided by the local Unions of the International Brotherhood of Electrical Workers ("IBEW") to run its business and that it remains bound to the subject collective bargaining agreements ("Master Agreements") between various local unions of the IBEW and various chapters of the National Electrical Contractors Association   ("NECA"). *Declaration of Susan Steiny, Docket No. 136,* 13:16-21.

In *In re Pacific Far East Line, Inc.,* 713 F.2d 476 (9th Cir. 1983) ("*Pacific Far East Line*"), the Ninth Circuit addressed the specific issue of whether contributions to employee benefit plans based on hours worked by employees pre-petition but that became due post-petition, should be considered post-petition administrative expenses. The Ninth Circuit answered that question in the affirmative on the basis that the "hours of pre-filing labor were not the consideration for the payments to the plan. Rather, the pre-filing hours were merely the units of measure for the post-filing payments, which were necessary for continued performance by both the employee and the employer under the collective bargaining agreement." *Id.* at 479.  The Court noted that the subject payments to the employee benefits funds were proper administrative expenses to the extent that they encouraged third parties to deal with the debtor by promoting "continued performance under a labor agreement." *Id.* at 480.

The Committee Opposition suggests that *Pacific Far East Line* is no longer good law because it interpreted §64 of the Bankruptcy Act in effect prior to the Bankruptcy Reform Act of 1978.  What the Committee Opposition ignores, is that §64 of the Bankruptcy Act (related to administrative priority), contains language that is nearly identical to that contained in 11 U.S.C. §503 (i.e. "the actual, necessary costs and expenses of preserving the estate…").  Therefore, *Pacific Far East Line* addressed

1115817

the same issue and substantive law present in the instant case: whether contributions to an employee benefit plan that became due post-petition but were determined based on hours worked by employees pre-petition are entitled to priority as administrative expenses.  That §64 was re-codified to 11 U.S.C. §503 is irrelevant because in *Pacific Far East Line,* the Ninth Circuit addressed the same substantive issue present here. Also irrelevant is the fact that the Bankruptcy Code now contains 11 U.S.C. §507 addressing priority for pre-petition fringe benefit contributions.  The Trustees' Motion does not seek to adjudicate priority under 11 U.S.C. §507, but under 11 U.S.C. §503 which mirrors §64 of the Bankruptcy Act that was addressed in *Pacific Far East Line.*

In *In re World Sales, Inc.* 183 B.R. 872 (B.A.P. 9th Cir. 1995) ("*World Sales*"), the Bankruptcy Appellate Panel of the Ninth Circuit reached the same conclusion as *Pacific Far East Line* and awarded an employee benefit plan fringe benefit contributions as administrative expenses under 11 U.S.C. §503, based on work performed by the debtor's employees both pre-petition and post-petition.  Like in *Pacific Far East Line* the Court indicated that affording priority to administrative expenses to encourage creditors "to provide goods and services to the debtor that are necessary to the orderly administration of the estate." *World Sales*, 183 B.R. at 875.

The Court in *World Sales* also awarded as administrative expenses, liquidated damages, interest, and attorneys' fees owed pursuant to the debtor's collective bargaining agreement on the grounds that the collective bargaining agreement imposed certain obligations on the debtor, which the debtor failed to meet post-petition, thereby accruing these additional amounts post-petition. *Id.* at 878.  The Court specifically noted that these additional obligations (i.e., liquidated damages, interest and fees) "were incurred post-petition."  *Id.*, *See also In re M & S Grading, Inc.,* No. BK02-81632-TJM, 2009 WL 2501066, at *5 (Bankr. D. Neb. July 27, 2009) [The Court applied the holding in *World Sales* and awarded contributions, 20% liquidated damages, accrued interest, and attorneys' fees as administrative expenses ///

TRUSTEES' REPLY IN SUPPORT OF MOTION FOR ADMINISTRATIVE EXPENSES

1115817

on the grounds that these damages accrued when the debtor breached the collective bargaining agreement post-petition].

The same fact pattern is present here.  Pursuant to the Master Agreements, Debtor was not obligated to report or pay its fringe benefit contributions for November 2016 until December 10, 2016.  (Declaration of Raul Rodriguez in Support of Motion for Administrative Expenses, Docket No. 117-2, ¶¶ 11-12.)   When Debtor failed to pay the contributions owed for November 2016 by December 15, 2016 (post-petition), the contributions then became delinquent, and Debtor became liable for liquidated damages, interest, attorneys' fees and costs pursuant to the terms of the Master Agreements. (Declaration of Raul Rodriguez in Support of Motion for Administrative Expenses, Docket No. 117-2, ¶¶ 10-17.)

Even if this Court determines that the Trustees' administrative claim does not fit neatly into one of the categories of administrative expenses listed under 11 U.S.C. §503, Courts have recognized that 11 U.S.C. §503 is not an exclusive list of allowable administrative expenses and Courts have the authority to award as administrative priority to claims not specifically identified in 11 U.S.C. §503.  *See In re Lazar,* 207 B.R. 668, 674, fn. 11 (Bankr. C.D. Cal. 1997).

## III.    THE COMMITTEE OPPOSITION AND DEBTOR OPPOSITION ARE DEVOID OF CONTROLLING AUTHORITY.

While the Committee Opposition and Debtor Opposition attempt, unconvincingly, to distinguish *World Sales* and *Pacific Far East Line,* neither opposition cites a single Ninth Circuit case overruling or even challenging the applicability of these cases.

Both the Committee Opposition and Debtor Opposition heavily rely on *In re Certified Air Technologies, Inc.*, 300 B.R. 355 (Bankr. C.D. Cal. 2003) ("*Certified Air*"), a District Court bankruptcy case that addressed an entirely different issue than that presented here.  In *Certified Air,* several multiemployer trust funds sought to recover admittedly pre-petition fringe benefit contributions as super priority

administrative expenses pursuant to 11 U.S.C. §1113, contending that 11 U.S.C. §1113 superseded the priority schedule under 11 U.S.C. §507.  The Court held that 11 U.S.C. §1113 does not create any super priority for pre-petition fringe benefit contributions that would override the priority schedule for pre-petition debtor set forth in 11 U.S.C. §507.  *Id.* at 369-370.

The Trustees seek payment of $139,911.40 as administrative expenses under 11 U.S.C. §503 for fringe benefit contributions that did not become due until 12 days after Debtor filed its Chapter 11 petition.  Neither the Debtor nor the Committee dispute that the fringe benefit contributions owed for November 2016 became due and delinquent post-petition.  As indicated by the Court in *Pacific Far East Line,* "administrative expense claims may arise from an ongoing relationship with a provider of services which began before the petition was filed."  *Pacific Far East Line,* 713 F.2d at 478.

The Oppositions also both cite to *In re A.C.E. Elevator Co., Inc.,* 347 B.R. 473, (Bankr. S.D.N.Y. 2006) apparently in attempts to refute the Ninth Circuit decisions in *World Sales* and *Pacific Far East Line.*  However, this case is from the Bankruptcy Court of the Southern District of New York, and is therefore not controlling.  Despite the Ninth Circuit decision in *World Sales*, Debtor and Committee both cite to *In re FasTech Servs., Inc.,* No. 10-81323, 2012 WL 1190289 (Bankr. C.D. Ill. Apr. 9, 2012) ("*FasTech Servs.*"), a non-appellate bankruptcy case in Illinois for the proposition that liquidated damages are not recoverable as administrative expenses.  As *FasTech Servs.* is neither a California District Court Bankruptcy case nor a Ninth Circuit case, *World Sales* should control.

*FasTech Servs.* is also substantively distinguishable.  The Court in *FasTech Servs.* indicated that it did not agree with the Ninth Circuit's holding in *World Sales* primarily on the basis that the liquidated damages did not benefit the estate.  However, this is not the case in the present matter.  The Administrative Corporation of the Trusts, as well as counsel for the Trusts, have expended a substantial amount of time

reviewing certified payroll reports and preparing project specific releases at the request of Debtor to assist Debtor in obtaining payments from its general contractors. (Supplemental Declaration of Raul Rodriguez in Support of Motion for Administrative Expenses, ¶ 9; Supplemental Declaration of Matthew Bechtel in Support of Motion for Administrative Expenses, ¶3.)  Currently, the Administrative Corporation for the Trusts is reviewing certified payroll reports for over 100 of Debtor's projects, which far exceeds the normal duties of the Administrative Corporation.  (Supplemental Declaration of Raul Rodriguez in Support of Motion for Administrative Expenses, ¶ 9.)  Since December 2016, the Administrative Corporation has expended over 120 employee work hours (or the equivalent of over $5,500.00 in audit fees) related to Debtor, the bulk of which specifically related to the review of certified payroll reports necessary to provide Debtor its requested project releases. (Supplemental Declaration of Raul Rodriguez in Support of Motion for Administrative Expenses, ¶ 9.)  As a result of these efforts, the Trusts have provided Debtor with at least eight conditional project releases totaling over $370,000.00. (Supplemental Declaration of Matthew Bechtel in Support of Motion for Administrative Expenses, ¶4.)  The above actions taken by the Trusts have directly benefitted the Debtor's estate.   Since damages owed pursuant to 29 U.S.C. §1132(g)(2) are designed to ensure that employee benefit plans are made whole, the liquidated damages (incurred post-petition) sought by the Trustees in this motion serve the purpose for which they were designed by compensating the Trustees for the work they have expended at Debtor's request that has directly benefited the Debtor's estate. In fact, the Trust Agreements to which Debtor agreed to be bound expressly provide for payment of liquidated damages as "it would be extremely difficult, if not impracticable to fix the actual damage and expense to the Fund which would result from the failure of the Employer to pay his contributions in full within the time above provided." (Decl. Rodriguez, Docket No. 117-2, ¶¶ 6 and 10, Ex. A.)  *See Central States, Southeast and Southwest Areas Pension Fund v. Alco Express Company,* 522

F.Supp. 919, 927 (E.D. Mich. 1981) [quoting the House Committee on Education and Labor Report, H.R.Rep. No. 869, 96th Cong., 2d Sess. (1980) Part I]; *New York State Teamsters Conference Pension & Retirement Fund v. Fratto Curbing Co.,* 875 F. Supp. 129, 131 (N.D.N.Y. 1995); *Trs. of the Constr. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co.,* 460 F.3d 1253 (9th Cir. 2006).

The Debtor Opposition and Committee Opposition fail to cite any controlling authority that would require this Court to deviate from the Ninth Circuit decisions in *Pacific Far East Line* and *World Sales*.

## IV.    DEBTOR HAS BREACHED AND CONTINUES TO BREACH ITS COLLECTIVE BARGAINING AGREEMENTS IN VIOLATION OF 11 U.S.C. §1113.

It is undisputed that Debtor is required by 11 U.S.C. §1113 to continue to honor its obligations under the Master Agreements after Debtor filed its Chapter 11 petition on November 28, 2016.  Debtor admits that it continues to operate as a debtor in possession and that it remains bound to the Master Agreements. *Debtor Opposition, Docket No. 136,* 3:11-16.  Neither the Committee nor the Debtor dispute that the fringe benefit contributions owed for November 2016 remain unpaid.  Debtor should not then be permitted to continue to benefit from the IBEW Union labor provided to Debtor pursuant to the Master Agreements, while ignoring its obligations to pay to the Trusts the collectively bargained benefits to which its employees are entitled.

Debtor is well aware of the importance of paying wages and benefits to maintain and preserve its workforce.  Debtor affirmatively sought Court approval to pay pre-petition health premiums for its non-Union employees. *See Debtor's Emergency Motion for Authority to (1) Pay Pre-Petition Priority Wages and Related Paid Time Off, Medical Insurance Premiums and Taxes; and (2) Honor Paid Time Off Obligations and Other Policies*, *Docket No. 34*, 4:1-11.  In support of its motion to pay pre-petition wages, Debtor states that it could not continue to operate its business and provide services to its clients if it is unable to pay pre-petition wages, as its

1  employees would likely quit. *Docket No. 34*, 4:19-27.  Yet, Debtor now opposes the

2  Trustees' attempt to obtain payment of fringe benefit contributions owed on behalf of

3  its IBEW Union employees, including contributions that provide health insurance

4  coverage to these employees. (Declaration of Joanne Keller in Support of Emergency

5  Motion for Conversion of Action to Chapter 7, or to Dismiss, Docket No. 26, ¶ 16.)

6  Debtor should not be permitted to favor its non-Union employees to the detriment of

7  its Union employees, especially where such disparate treatment results in a violation

8  of 11 U.S.C. §1113.

9       Debtor is admittedly an electrical contractor whose workforce is comprised

10  largely of Union members. *Docket No 34*, 3:1-16.  As Debtor clearly recognizes that it

11  would not be able to continue to operate as a debtor in possession and provide services

12  to its clients without its workforce, it is incongruous for Debtor to now contend that

13  the Trustees' claimed administrative expenses based on those same services provided

14  by its IBEW Union employees did not directly or substantially benefit the Debtor's

15  estate. *Debtor Opposition,* Docket No. 136, 5:1-3.  In fact, nearly the entire same

16  IBEW Union workforce employed by Debtor in November 2016 continued to be

17  employed by Debtor in December 2016, providing an ongoing direct and essential

18  benefit to the Debtor in possession. (Supplemental Declaration of Matthew Bechtel in

19  Support of Motion for Administrative Expenses, ¶5.)

20  **V.      THE TRUSTEES ARE ENTITLED TO IMMEDIATE PAYMENT OF**

21         **THE ADMINISTRATIVE EXPENSES.**

22       Debtor's Union employees have performed and continue to perform work

23  covered by Debtor's Master Agreements which, by Debtor's own admission, is crucial

24  to the Debtor's continued operation as a debtor in possession in this case.  *Docket No.*

25  *34*, 4:19-27.  Despite acknowledging the importance paying pre-petition wages and

26  health premiums for its non-Union employees, the Debtor refuses to honor its ongoing

27  obligations to its Union employees and the Trustees under its Master Agreements,

28  resulting in substantial hardship for its IBEW Union employees.

1115817

The Debtor Opposition and Creditor Opposition allege that if the Trustees' Motion is granted, the Trustees should not be entitled to receive immediate payment of the November 2016 contributions until all other administrative claims and secured claims are determined. *Committee Opposition*, Docket No. 137, 7:14-22.

However, as the Committee Opposition acknowledges, administrative expenses may be paid immediately (even where there may be insufficient assets of the estate to pay all administrative expenses) where the administrative expenses are incurred in the ordinary course of business. *Committee Opposition*, Docket No. 137, 7:14-22; *See In re W. Farmers Ass'n*, 13 B.R. 132, 136 (Bankr. W.D. Wash. 1981).  Debtor is a construction contractor that regularly employs Union labor primarily in the electrical trade, as well as several other trade crafts. *Debtor's Emergency Motion for Authority to (1) Pay Pre-Petition Priority Wages and Related Paid Time Off, Medical Insurance Premiums and Taxes; and (2) Honor Paid Time Off Obligations and Other Policies*, Docket No. 34, 5:1-16.  Debtor acknowledges that it has continued to operate as debtor in possession and remains bound to the Master Agreements. *Declaration of Susan Steiny,* Docket No. 136, 13:16-21; (Decl. Rodriguez, Docket No. 117-2, ¶¶ 9-10.)  Debtor is therefore obligated by the Master Agreements to timely submit monthly contribution reports ("Monthly Reports") and payment of fringe benefit contributions to the Trustees calculated based on covered work performed by its employees in the preceding month. (Decl. Rodriguez, Docket No. 117-2, ¶¶ 11-12.) Debtor did in fact prepare and submit Monthly Reports to the Trusts in the normal course of business wherein Debtor admitted owing the Trusts at least $169,337.88 for fringe benefit contributions for the November 2016 work month of which the Trustees only seek to collect $139,911.40 by way of this Motion.  (Decl. Rodriguez, Docket No. 117-2, ¶ 13; Exhibit G.)  Debtor, however, failed to pay any of the contributions owed.  (Decl. Rodriguez, Docket No. 117-2, ¶ 15.)  As such, the $139,911.40 for contributions reported in the Debtor's Monthly Reports for November 2016 that the Trustee seek as administrative expenses were clearly incurred in the normal course of

9

1115817

business and therefore are entitled to immediate payment following entry of this Court's order.

Debtor's Opposition further contends that immediate payment of the Trustees' administrative claim is not appropriate because Debtor is uncertain whether it will remain administratively solvent as a result of potential additional secured claims, other administrative expenses, and fees for professional services. *Debtor Opposition*, Docket No. 136, 11:13-25.  However, in opposition to the Trustees' motion to convert or dismiss, Debtor indicated that it would be able to generate income sufficient to pay its post-petition operating expenses and that "all of its secured creditors are adequately protected by large equity cushions." *Opposition to Motion for Conversion of Action to Chapter 7 or to Dismiss,* Docket No., 52, 3:4-11.   Accepting Debtor's own representations as true, there is no reason to delay payment of the administrative expenses to the Trustees that were clearly incurred in the normal course of Debtor's business operations.   Further delay only benefits the Debtor at the expense of the Trustees and their participants.

Finally, equity strongly weighs in favor of payment of the requested administrative expenses as soon as possible.   Debtor's IBEW Union employees receive health insurance benefits based on contributions made to the Health Fund. (Declaration of Joanne Keller in Support of Emergency Motion for Conversion of Action to Chapter 7, or to Dismiss, Docket No. 26, ¶ 15.)  As indicated above, these contributions are reported and paid to the Trusts on a monthly basis pursuant to the Master Agreements, and it would not be appropriate to attempt to segregate or partition portions of these benefits, as the Oppositions suggest.  As noted by the Court in *World Sales,* "the commercially reasonable measure for health insurance is monthly coverage." 183 B.R. at 876.  Debtor failed to timely pay fringe benefit contributions related to work performed in September 2016, October 2016, November 2016, and now December 2016, the vast bulk of which remains unpaid. (Declaration of Joanne Keller in Support of Emergency Motion for Conversion of Action to Chapter 7, or to

TRUSTEES' REPLY IN SUPPORT OF MOTION FOR ADMINISTRATIVE EXPENSES

1115817

Dismiss, Docket No. 26, ¶ 14; Declaration of Raul Rodriguez in Support of Motion for Administrative Expenses, Docket No. 117-2, ¶ 15.; Supplemental Declaration of Raul Rodriguez in Support of Motion for Administrative Expenses, ¶¶ 7-8.)   A number of Debtor's IBEW Union employees are at imminent risk of losing health insurance coverage (including several that have likely already lost coverage) as a direct result of Debtor's failure to pay fringe benefit contributions owed to the Trusts pursuant to the Master Agreements. (Declaration of Joanne Keller in Support of Emergency Motion for Conversion of Action to Chapter 7, or to Dismiss, Docket No. 26, ¶ 16.)

If the Trustees' Motion is granted, it is therefore imperative that the $139,911.40 for November 2016 contributions be paid as soon as possible.   The affected employees can ill afford to wait until a future date uncertain, or worse yet, plan confirmation, for Debtor to pay its post-petition contributions for November 2016, while in the meantime Debtor continues to benefit from the employment of IBEW Union labor.   Debtor has also failed to pay its now delinquent contributions totaling $114,187.44 based on work performed in December 2016. (Supplemental Declaration of Raul Rodriguez in Support of Motion for Administrative Expenses, ¶¶ 7-8.)   This is further evidence that Debtor has no intention of honoring its ongoing obligations under its collective bargaining agreements with the Trusts as required by 11 U.S.C. §1113.   Shortly, the Trustees will file another motion for administrative expenses seeking payment of the December 2016 contributions.

## VI.    THE TRUSTEES OBJECT TO THE CONTINUANCE OF THE HEARING ON THEIR MOTION AS REQUESTED IN THE LABORERS RESPONSE.

While the Laborers Response generally supports the Trustees' Motion in substance, the Laborers request that the hearing on the Trustees' Motion be continued to an unspecified future date to permit the Laborers to file their own motion for administrative expenses seeking contributions for the December 2016 work month to

TRUSTEES' REPLY IN SUPPORT OF MOTION FOR ADMINISTRATIVE EXPENSES
1115817

be heard on the same date as the Trustees' Motion.  The Trustees object to the proposed continuance, as it would only further delay potential payment of the delinquent fringe benefit contributions based on the Debtor's Monthly Reports for November 2016 which, as indicated above, must be paid as soon as possible to mitigate further harm to the Debtor's IBEW Union employees.  Because the Trustees intend to file another motion for administrative expenses for the now delinquent contributions owed by Debtor for the December 2016 work month, the Trustees would be amenable to discussing with the Laborers' counsel coordinating a consolidated hearing date for both the Laborers' and Trustees' respective proposed motions, assuming that doing so does not result in any undue delay.

## VII.  CONCLUSION.

In light of the controlling and directly applicable Ninth Circuit authority cited by the Trustees herein and in their moving papers, and in the absence of any controlling authority cited by either the Debtor Opposition or Committee Opposition, the Trustees' Motion should be granted.  Additionally, good cause exists for the immediate payment of the November 2016 contributions and related amounts as administrative expenses.  The Trustees respectfully request that the Laborers' request to continue the hearing date on the Trustees' Motion be denied, that the Trustees' Motion be granted, and that Debtor be ordered to pay to the Trustees within ten (10) days from entry of said order, $150,785.23, consisting of $139,911.40 for fringe benefit contributions, $829.49 for accrued interest, $4,197.34 for liquidated damages, and $5,847.00 for attorneys' fees.

DATED:  January 26, 2017            LAQUER, URBAN, CLIFFORD & HODGE LLP


By: /S/  Michael Y. Jung
Counsel for Creditors, Trustees of the Southern
California IBEW-NECA Pension Plan. et al.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

225 South Lake Avenue, Suite 200, Pasadena, CA 91101

A true and correct copy of the foregoing document entitled (*specify*): TRUSTEES' REPLY IN SUPPORT OF
MOTION FOR ADMINISTRATIVE EXPENSES

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 01/26/2017_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See Attached Service Information

☑ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _01/26/2017_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Luke N Eaton, PEPPER HAMILTON LLP, 350 S Grand Ave, Ste 3400, Los Angeles, CA 90071
Levene, Neale, Bender, Yoo & Brill, LLP, 10250 Constellation Blvd., Ste. 1700, Los Angeles, CA 90067

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _01/26/2017_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Julia W. Brand
United States Bankruptcy Court
Central District of California
255 E. Temple Street, Courtroom 1375, 13th Floor, Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/26/2017 | Gina Marston | /s/ Gina Marston |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

## ATTACHMENT TO SERVICE INFORMATION

Matthew T Bechtel on behalf of Creditor Trustees of the Southern California IBEW-NECA
Pension Plan, et al.,
Bechtel@luch.com, cheryl@luch.com,kimberley@luch.com,gina@luch.com

Matthew T Bechtel on behalf of Defendant CONTRACT COMPLIANCE FUND
Bechtel@luch.com, cheryl@luch.com,kimberley@luch.com,gina@luch.com

Matthew T Bechtel on behalf of Defendant THE LOS ANGELES WORKERS CREDIT UNION
ADMINISTRATIVE MAINTENANCE FUND
Bechtel@luch.com, cheryl@luch.com,kimberley@luch.com,gina@luch.com

Matthew T Bechtel on behalf of Defendant TRUSTEES OF THE INLAND EMPIRE IBEW-
NECA LABOR MANAGEMENT COOPERATION COMMITTEE
Bechtel@luch.com, cheryl@luch.com,kimberley@luch.com,gina@luch.com

Matthew T Bechtel on behalf of Defendant TRUSTEES OF THE LOS ANGELES COUNTY
ELECTRICAL EDUCATIONAL AND TRAINING TRUST FUND
Bechtel@luch.com, cheryl@luch.com,kimberley@luch.com,gina@luch.com

Matthew T Bechtel on behalf of Defendant TRUSTEES OF THE NATIONAL ELECTRICAL
BENEFIT FUND
Bechtel@luch.com, cheryl@luch.com,kimberley@luch.com,gina@luch.com

Matthew T Bechtel on behalf of Defendant TRUSTEES OF THE NATIONAL IBEW-NECA
LABOR MANAGEMENT COOPERATION COMMITTEE
Bechtel@luch.com, cheryl@luch.com,kimberley@luch.com,gina@luch.com

Matthew T Bechtel on behalf of Defendant TRUSTEES OF THE RIVERSIDE COUNTY
ELECTRICAL EDUCATION AND TRAINING TRUST FUND
Bechtel@luch.com, cheryl@luch.com,kimberley@luch.com,gina@luch.com

Matthew T Bechtel on behalf of Defendant TRUSTEES OF THE RIVERSIDE COUNTY
HEALTH AND WELFARE TRUST FUND
Bechtel@luch.com, cheryl@luch.com,kimberley@luch.com,gina@luch.com

Matthew T Bechtel on behalf of Defendant TRUSTEES OF THE SOUTHERN CALIFORNIA
IBEV/-NECA SUPPLEMENTAL UNEMPLOYMENT BENEFIT TRUST FUND
Bechtel@luch.com, cheryl@luch.com,kimberley@luch.com,gina@luch.com

Matthew T Bechtel on behalf of Defendant TRUSTEES OF THE SOUTHERN CALIFORNIA
IBEW-NECA DEFINED CONTRIBUTION TRUST FUND
Bechtel@luch.com, cheryl@luch.com,kimberley@luch.com,gina@luch.com

Matthew T Bechtel on behalf of Defendant TRUSTEES OF THE SOUTHERN CALIFORNIA
IBEW-NECA HEALTH TRUST FUND
Bechtel@luch.com, cheryl@luch.com,kimberley@luch.com,gina@luch.com

Matthew T Bechtel on behalf of Defendant TRUSTEES OF THE SOUTHERN CALIFORNIA
IBEW-NECA LABOR-MANAGEMENT COOPERATION COMMITTEE
Bechtel@luch.com, cheryl@luch.com,kimberley@luch.com,gina@luch.com

Matthew T Bechtel on behalf of Defendant TRUSTEES OF THE SOUTHERN CALIFORNIA
IBEW-NECA PENSION PLAN
Bechtel@luch.com, cheryl@luch.com,kimberley@luch.com,gina@luch.com

Ron Bender on behalf of Debtor Steiny and Company, Inc.
rb@lnbyb.com

Ron Bender on behalf of Plaintiff STEINY AND COMPANY, INC.
rb@lnbyb.com

Robert J Berens on behalf of Creditor Liberty Mutual Insurance Company
rjb@smtdlaw.com, srodriguez@smtdlaw.com

Robert J Berens on behalf of Creditor Safeco Insurance Company Of America
rjb@smtdlaw.com, srodriguez@smtdlaw.com

Scott E Blakeley on behalf of Interested Party Courtesy NEF
seb@blakeleyllp.com, ecf@blakeleyllp.com

William S Brody on behalf of Interested Party Courtesy NEF
wbrody@buchalter.com, dbodkin@buchalter.com;IFS_filing@buchalter.com

Ronald Clifford on behalf of Creditor Committee Official Committee of Unsecured Creditors
rclifford@blakeleyllp.com,
ecf@blakeleyllp.com;seb@blakeleyllp.com;info@ecf.inforuptcy.com

Melissa W Cook on behalf of Interested Party Courtesy NEF
mwccoast@aol.com, ldtorres@sbcglobal.net;j.j.kennedy@sbcglobal.net

Caroline Djang on behalf of Interested Party Courtesy NEF
cdjang@rutan.com

Luke N Eaton on behalf of Creditor Consolidated Electrical Distributors, Inc.
eatonl@pepperlaw.com

Anne K Edwards on behalf of Creditor Rodi Pollock Pettker Christian & Pramov
aedwards@rodipollock.com

Kerry K Fennelly on behalf of Creditor Inland Empire IBEW-NECA Trust Funds
kfennelly@donaldsonandcornwell.com,
fileclerk@donaldsonandcornwell.com;lsheridan@donaldsonandcornwell.com;kditty@donaldson
andcornwell.com;vmindirgasova@donaldsonandcornwell.com;jbaldwin@donaldsonandcornwell
.com

Jon F Gauthier on behalf of Interested Party Flatiron West, Inc.
jgauthier@ftblaw.com, jrobinson@ftblaw.com

Michael I Gottfried on behalf of Creditor Enterprise Rent-A-Car of Los Angeles, dba Enterprise
Fleet Service
mgottfried@lgbfirm.com,
kalandy@lgbfirm.com;cboyias@lgbfirm.com;srichmond@lgbfirm.com;sdeiches@lgbfirm.com;
mmocciaro@lgbfirm.com

Jacqueline L James on behalf of Debtor Steiny and Company, Inc.
jlj@lnbyb.com

Jacqueline L James on behalf of Interested Party Courtesy NEF
jlj@lnbyb.com

Jacqueline L James on behalf of Plaintiff STEINY AND COMPANY, INC.
jlj@lnbyb.com

Michael Y Jung on behalf of Creditor Trustees of the Southern California IBEW-NECA Pension
Plan, et al.,
jung@luch.com, gina@luch.com,kimberley@luch.com

Michael Y Jung on behalf of Interested Party Courtesy NEF
jung@luch.com, gina@luch.com,kimberley@luch.com

Susan Graham Lovelace on behalf of Creditor Trustees of the Southern California IBEW-NECA
Pension Plan, et al.,
lovelace@luch.com, jason@luch.com,kimberley@luch.com

Susan Graham Lovelace on behalf of Defendant CONTRACT COMPLIANCE FUND
lovelace@luch.com, jason@luch.com,kimberley@luch.com

Susan Graham Lovelace on behalf of Defendant THE LOS ANGELES WORKERS CREDIT
UNION ADMINISTRATIVE MAINTENANCE FUND
lovelace@luch.com, jason@luch.com,kimberley@luch.com

Susan Graham Lovelace on behalf of Defendant TRUSTEES OF THE INLAND EMPIRE
IBEW-NECA LABOR MANAGEMENT COOPERATION COMMITTEE
lovelace@luch.com, jason@luch.com,kimberley@luch.com

Susan Graham Lovelace on behalf of Defendant TRUSTEES OF THE LOS ANGELES
COUNTY ELECTRICAL EDUCATIONAL AND TRAINING TRUST FUND
lovelace@luch.com, jason@luch.com,kimberley@luch.com

Susan Graham Lovelace on behalf of Defendant TRUSTEES OF THE NATIONAL
ELECTRICAL BENEFIT FUND
lovelace@luch.com, jason@luch.com,kimberley@luch.com

Susan Graham Lovelace on behalf of Defendant TRUSTEES OF THE NATIONAL IBEW-
NECA LABOR MANAGEMENT COOPERATION COMMITTEE
lovelace@luch.com, jason@luch.com,kimberley@luch.com

Susan Graham Lovelace on behalf of Defendant TRUSTEES OF THE RIVERSIDE COUNTY
ELECTRICAL EDUCATION AND TRAINING TRUST FUND
lovelace@luch.com, jason@luch.com,kimberley@luch.com

Susan Graham Lovelace on behalf of Defendant TRUSTEES OF THE RIVERSIDE COUNTY
HEALTH AND WELFARE TRUST FUND
lovelace@luch.com, jason@luch.com,kimberley@luch.com

Susan Graham Lovelace on behalf of Defendant TRUSTEES OF THE SOUTHERN
CALIFORNIA IBEV/-NECA SUPPLEMENTAL UNEMPLOYMENT BENEFIT TRUST
FUND
lovelace@luch.com, jason@luch.com,kimberley@luch.com

Susan Graham Lovelace on behalf of Defendant TRUSTEES OF THE SOUTHERN
CALIFORNIA IBEW-NECA DEFINED CONTRIBUTION TRUST FUND
lovelace@luch.com, jason@luch.com,kimberley@luch.com

Susan Graham Lovelace on behalf of Defendant TRUSTEES OF THE SOUTHERN
CALIFORNIA IBEW-NECA HEALTH TRUST FUND
lovelace@luch.com, jason@luch.com,kimberley@luch.com

Susan Graham Lovelace on behalf of Defendant TRUSTEES OF THE SOUTHERN
CALIFORNIA IBEW-NECA LABOR-MANAGEMENT COOPERATION COMMITTEE
lovelace@luch.com, jason@luch.com,kimberley@luch.com

Susan Graham Lovelace on behalf of Defendant TRUSTEES OF THE SOUTHERN
CALIFORNIA IBEW-NECA PENSION PLAN
lovelace@luch.com, jason@luch.com,kimberley@luch.com

Alvin Mar on behalf of U.S. Trustee United States Trustee (LA)
alvin.mar@usdoj.gov

David W. Meadows on behalf of Interested Party Courtesy NEF
david@davidwmeadowslaw.com

Donna T Parkinson on behalf of Creditor ZB, N.A. dba Zions Bank
donna@parkinsonphinney.com

Thomas Phinney on behalf of Creditor ZB, N.A. dba Zions Bank
tom@parkinsonphinney.com

Raymond A Policar on behalf of Creditor Quinn Rental Services, Inc.
policarlaw@att.net

Jeffry D Sackman on behalf of Creditor Construction Laborers Trusts
jds@rac-law.com

Ali Salamirad on behalf of Creditor Liberty Mutual Insurance Company
as@smtdlaw.com, rb@smtdlaw.com

Ali Salamirad on behalf of Creditor Safeco Insurance Company Of America
as@smtdlaw.com, rb@smtdlaw.com

Wayne A Silver on behalf of Creditor Santa Clara VTA
w_silver@sbcglobal.net

Lindsey L Smith on behalf of Debtor Steiny and Company, Inc.
lls@lnbyb.com, lls@ecf.inforuptcy.com

Lindsey L Smith on behalf of Interested Party Courtesy NEF
lls@lnbyb.com, lls@ecf.inforuptcy.com

Lindsey L Smith on behalf of Plaintiff STEINY AND COMPANY, INC.
lls@lnbyb.com, lls@ecf.inforuptcy.com

Nicholas Starkman on behalf of Creditor Cement Masons Trust Funds
nstarkman@wkclegal.com, syoung@wkclegal.com

Jolene Tanner on behalf of Creditor UNITED STATES OF AMERICA on behalf of the
INTERNAL REVENUE SERVICE
jolene.tanner@usdoj.gov, USACAC.criminal@usdoj.gov

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Dennis Winters on behalf of Creditor Diarmuid Noone
winterslawfirm@cs.com

Kirsten A Worley on behalf of Creditor Clark Construction Company
kw@wlawcorp.com, admin@wlawcorp.com

Kirsten A Worley on behalf of Creditor Mass. Electric Construction Company
kw@wlawcorp.com, admin@wlawcorp.com

Beth Ann R Young on behalf of Plaintiff STEINY AND COMPANY, INC.
bry@lnbyb.com