ALEXANDER B. CVITAN (CSB 81746)
J. DAVID SACKMAN (CSB 106703)
PETER A. HUTCHINSON (CSB 225399)
Members of REICH, ADELL & CVITAN
A Professional Law Corporation
3550 Wilshire Blvd., Suite 2000
Los Angeles, California 90010-2421
Telephone: (213) 386-3860; Facsimile: (213) 386-5583
Email: jds@rac-law.com
Attorneys for Creditor Construction Laborers Trusts

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In Re:<br><br>STEINY AND COMPANY, INC.,<br><br>Debtor and Debtor in Possession<br><br>---<br><br>CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY, LLC,<br><br>Creditor and Moving Party,<br><br>v.<br><br>STEINY AND COMPANY, INC,.<br><br>Debtor-in-Possession and Responding Party | CASE NO.: 2:16-bk-25619-WB<br>Chapter 11<br><br>**[PROPOSED]<br>ORDER FOR<br>A) ALLOWANCE OF ADMINISTRATIVE EXPENSES;<br>B) DETERMINATION THAT CONTRIBUTIONS ARE NOT ASSETS OF THE ESTATE;<br>C) INJUNCTION FOR PAYMENT OF EMPLOYEE BENEFIT CONTRIBUTIONS**<br>[11 U.S.C. §§ 105(a), 503(b), 1113(f) and 1114; 29 U.S.C. §§ 1109(a), 1132(a)(2) and 1132(g)(2)]<br><br>Date: March 30, 2017<br>Time: 10:00 AM<br>Courtroom: 1375 (Roybal) |

The Motion of Creditor Construction Laborers Trust Funds for Southern California Administrative Company referred to by the Debtor as "Construction Laborers Trusts," for an Order against Debtor-In-Possession Steiny and Company, Inc., for A) Allowance of Administrative Expenses; B) Determination that Contributions Are Not Assets Of The Estate; and C) Injunction For Payment Of Employee Benefit Contributions, came before this Court by regular noticed motion,

-1-

315585v1

on the date and time above. After considering the evidence and argument presented, and Good Cause Appearing, the Motion is GRANTED.

IT IS THEREFORE ORDERED THAT:

1) Creditor Construction Laborers Trust Funds is allowed a priority administrative expense under 11 U.S.C. §§ 503(b), 1113(f) and 1114, for:

    A) Contributions for work performed in November 2016 through January 2017, totaling $55,152.89, after all credits, pursuant to 29 U.S.C. § 1132(g)(2)(A);

    B) Interest to the date of the hearing, totaling $870.25, pursuant to 29 U.S.C. § 1132(g)(2)(B);

    C) Liquidated damages of $17,443.57. as required by 29 U.S.C. § 1132(g)(2)(C); and

    D) Attorney fees and costs to be determined by motion to be filed within 21 days of this Order, pursuant to 29 U.S.C. § 1132(g)(2)(D) and Fed. Bankr. Rule 7054(b);

    E) For a total of $102,990.13, plus attorney fees and costs to be assessed. This does not include any contributions accruing for work performed by employees of the Debtor after January 2017.

2) The Court finds that amounts withheld from employee wages to be turned over to the Vacation Fund by the Debtor, totaling $8,862.36 for the period of November 2016 through January 2017, and amounts withheld from the per diem pay required by California Labor Code § 1773.1 on public works projects, totaling $51,561.12 for the period of November 2016 through January 2017, are NOT assets of the Estate to which any secured claim applies, but are assets of those Trust Funds, over which the Debtor has a fiduciary duty to turn over to the Construction Laborers Trust Funds, under 29 U.S.C. § 1109(a).

3) Pursuant to 11 U.S.C. §§ 105, 1113(f) and 1114 and 29 U.S.C. §§ 1109(a), 1132(a)(2) and 1132(g)(2)(E), the Debtor is enjoined to:

A)  Within 15 days of the date of this Order, turn over the contributions due for work performed in the period of November 2016 through January 2017, totaling $55,152.89, plus any contributions due as of the date of this Order for work performed in the month of February 2017;

B)  Submit reports and pay the contributions required for work performed by Debtor's employees in the month of March 2017 no later than April 20, 2017, and submit reports and pay the required contributions for each month thereafter no later than the 20th day of the following month.

4)  To the extent any of the above conflicts with any prior orders of this Court, this Order shall take precedent and supersede such conflicting Order.

5)  The Debtor shall report on its compliance with this Order in each Monthly Operating Report (MOR), beginning with the MOR for the month of March 2017. An Order to Show Cause is set to consider compliance with this Order 90 days from now, on _____, 2017 at _____.

IT IS SO ORDERED.

### 

-3-

315585v1