```
 1  ALEXANDER B. CVITAN (CSB 81746)
    alc@rac-law.com
 2  J. DAVID SACKMAN (CSB 106703)
    jds@rac-law.com
 3  PETER A. HUTCHINSON (CSB 225399)                    JS-6
    peterh@rac-law.com
 4  Members of REICH, ADELL & CVITAN
    A Professional Law Corporation
 5  3550 Wilshire Blvd., Suite 2000
    Los Angeles, California 90010-2421
 6  Telephone: (213) 386-3860; Facsimile: (213) 386-5583
    Attorneys for Plaintiff
 7
 8                 UNITED STATES DISTRICT COURT
 9                 CENTRAL DISTRICT OF CALIFORNIA
10
```

| | |
|---|---|
| CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY, a Delaware limited liability company,<br><br>              Plaintiff,<br><br>       vs.<br><br>STEINY AND COMPANY, INC., a California corporation,<br><br>              Defendant. | CASE NO.: 15cv01643 GW (Ex)<br><br>**STIPULATED JUDGMENT** |

       Pursuant to the Settlement Agreement between the Parties, the following JUDGMENT is entered against Defendant STEINY AND COMPANY, INC. and in favor of CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY, as follows:

\\
\\

-1-    Exhibit 5

305113v2

IT IS HEREBY ORDERED THAT:

1. [PLAINTIFF'S CLAIM] Plaintiff filed this lawsuit, claiming that the Defendant owes benefit contributions and subcontracting damages, along with interest, liquidated damages, audit costs, attorney fees and costs, and also sought to order an audit, pursuant to Defendant's obligations under collective bargaining agreements with the Southern California District Council of Laborers and its Affiliated Locals ("Union"), pursuant to the Labor Management Relations Act (LMRA) § 301(a), 29 U.S.C. § 185(a), and the Employee Retirement Income Security Act (ERISA) §§ 502(g)(2) and 515, 29 U.S.C. §§ 1132(g)(2) and 1145.

2. [SANCTIONS] As a result of a motion regarding discovery, Magistrate Charles F. Eick entered an order for monetary sanctions against Defendant, in favor of Plaintiff, in the amount of $8,349.00. That amount has not been paid, and this Order (Docket No. 39) has now become final. Those sanctions are now incorporated as part of this Judgment.

3. [JUDGMENT ENTERED] Judgment is entered on the full amount of Plaintiff's Claim, together with the Sanctions ordered, as follows:

A. Contributions, including damages claimed for subcontracting violations, and reported but unpaid contributions through May 2016, of $216,129.55;
B. Interest of $4,161.67;
C. Liquidated damages of $163,049.61;
D. Cost of the audit of $2,960.00;
E. Sanctions of $8,349.00;
F. Less a credit of -$45,693.55 paid;
**For a grand total of $348,956.28**.

305113v2

1
2
3     4.    [SATISFACTION]  This Judgment may be satisfied by payment over
4 time of the amount of **$87,714.83**, with interest on the declining balance at the rate of
5 6% from July 15, 2016, pursuant to the terms of the Settlement Agreement between
6 the parties, by September 15, 2017.
7
8     5.    [STAY OF ENFORCEMENT]  During the period of the payment plan
9 called for by the Settlement Agreement between the parties, there shall be a STAY of
10 enforcement of this Judgment, except that Plaintiff may record a UCC-1 Statement as
11 called for in the Settlement Agreement.  Such Stay shall terminate on the earlier of
12 ninety (90) days after September 15, 2017, Default, as described below, or earlier
13 Satisfaction of Judgment filed by the Plaintiff, pursuant to the parties' Settlement
14 Agreement.
15
16     6.    [DEFAULT]  In the event of default in the terms of the Settlement
17 Agreement, after notice as provided therein, the Stay shall be terminated and the
18 Judgment may be enforced, upon the filing with this Court by Plaintiff of a
19 Declaration establishing the fact of DEFAULT, and accounting for any payments or
20 collections, as well as accrued interest, and an Acknowledgment of Partial
21 Satisfaction of Judgment consistent therewith.  The full Judgment, as modified by the
22 Partial Satisfaction, shall be enforceable, without any further action by this Court, and
23 without any further notice.
24
25     7.    [FEES AND COSTS]  Upon Default, the Plaintiff may also seek to add
26 fees and costs to the Judgment, pursuant to 29 U.S.C. § 1132(g)(2)(D).  Costs shall be
27 taxed pursuant to the procedures of Fed. R. Civ. P. 54(d)(1), and fees sought by
28 motion pursuant to the procedures of Fed. R. Civ. P. 54(d)(2), except the time to file a

1  Bill of Costs and/or Motion for Fees shall be extended to 14 days after the filing of
2  Acknowledgment of Partial Satisfaction of Judgment.
3
4      8.      [DISMISSAL AND SATISFACTION]  Upon final payment of the
5  Settlement Amount, including any accrued interest and attorney fees assessed in
6  accordance with this Settlement Agreement, and after resolution of the Closing Audit,
7  but no earlier than 90 days after the last Monthly Payment called for in the Settlement
8  Agreement, the Plaintiff shall do all of the following: a) File a Dismissal With
9  Prejudice of this lawsuit; and b) file an Acknowledgment of Full Satisfaction of
10 Judgment.
11
12     9.      [RETENTION OF JURISDICTION]  The Court retains jurisdiction to
13 enforce the terms of this Stipulated Judgment, and the terms of the Settlement
14 Agreement.
15
16      IT IS SO ORDERED:
17
18
19 DATED:  August 9, 2016            _____
                                      HON. GEORGE H. WU
                                      United States District Court Judge