

RON BENDER (SBN 143364)
JACQUELINE L. JAMES (SBN 198838)
LINDSEY L. SMITH (SBN 265401)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: rb@lnbyb.com; jlj@lnbyb.com; lls@lnbyb.com

Attorneys for Chapter 11 Debtor & Debtor in Possession

**FILED**

MAY 3 1 2017

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

**ENTERED**

JUN - 2 2017

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re: | ) Case No.: 2:16-bk-25619-WB |
| | ) |
| STEINY AND COMPANY, INC., | ) Chapter 11 Case |
| | ) |
| Debtor and Debtor in Possession, | ) **ORDER GRANTING MOTION FOR** |
| | ) **ENTRY OF ORDER:** |
| | )   **(I)**   **AUTHORIZING DEBTOR TO** |
| | )              **SELL ASSETS FREE AND CLEAR** |
| | )              **OF LIENS, CLAIMS,** |
| | )              **ENCUMBRANCES AND** |
| | )              **INTERESTS;** |
| | )   **(II)**  **AUTHORIZING ASSUMPTION** |
| | )              **AND ASSIGNMENT OF CERTAIN** |
| | )              **UNEXPIRED LEASES AND** |
| | )              **EXECUTORY CONTRACTS;** |
| | )  **(III)** **AUTHORIZING REJECTION OF** |
| | )              **CERTAIN EXECUTORY** |
| | )              **CONTRACTS AND UNEXPIRED** |
| | )              **LEASES;** |
| | )  **(IV)** **ESTABLISHING BIDDING** |
| | )              **PROCEDURES AND APPROVING** |
| | )              **BREAKUP FEE; AND** |
| | )   **(V)**  **GRANTING OTHER AND** |
| | )              **FURTHER RELIEF** |
| | ) |
| | ) <u>Hearing:</u> |
| | ) Date:    May 11, 2017 |
| | ) Time:    10:00 a.m. |
| | ) Place:   Courtroom 1375 |
| | )           255 E. Temple Street |
| | )           Los Angeles, CA |
| | ) |

1

A hearing ("Sale Hearing") was held on May 11, 2017, at 10:00 a.m., at the above-referenced location, for this Court to consider approval of the Motion ("Motion" or the "Sale Motion") filed by Steiny and Company, Inc. (the "Debtor" or "Seller"), the debtor and debtor in possession in the above-entitled chapter 11 case, seeking the entry of an order of this Court: (i) approving the sale (the "Sale") of many of the Debtor's assets (the "Acquired Assets") to GA Abell, Inc. dba Precision Electric Company, a California corporation or a designee (the "Proposed Buyer"), in accordance with the terms of the "Asset Purchase Agreement" entered into by and between the Debtor/Seller and the Proposed Buyer, a copy of which was attached as Exhibit 1 to the Declaration of Susan Steiny filed in support of the Motion (the "Steiny Declaration"), as amended by amendments filed on May 10, 2017 [Docket No. 564] (collectively, the "APA"), or to such qualified and successful overbidder; (ii) approving the proposed bidding procedures set forth in the Motion, including the breakup fee to be paid in connection with potential overbidding; (iii) approving the payment of the fee of the Debtor's investment banker (the "Investment Banker") earned in connection with the Sale; (iv) approving the Debtor's assumption and assignment to Buyer or to the winning bidder of the unexpired leases and executory contracts that Buyer or a successful overbidder would assume pursuant to the terms of an asset purchase agreement approved by the Court (the "Assigned Contracts"); (v) approving the Debtor's rejection of certain executory contracts and unexpired leases, and (vi) granting certain other related relief.

Appearances were made at the Sale Hearing as set forth on the record of this Court. All capitalized terms in this Order which are not defined in this Order shall have the same definitions as such terms had in the Motion.

This Court, having considered the Motion and all pleadings filed in support of, and in response to, the Motion, and the statements, arguments and representations of counsel made

during the Sale Hearing; and it appearing that the Court has jurisdiction over this matter; and it appearing that the Motion is a core proceeding; and it appearing that venue of this proceeding and the Motion in this District is proper; and having found that notice of the Motion was adequate and appropriate under the circumstances; and the Court being satisfied, based on the representations made in the Motion and at the Sale Hearing, that the legal and factual bases underlying the Motion establish just cause for the relief granted herein; and any objections to the relief requested in the Motion having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefore;

**IT IS HEREBY FOUND AND DETERMINED THAT:**

1.      The Court has jurisdiction over this matter, the Debtor, and the "Acquired Assets" and the "Assigned Contracts" (as defined in the APA) pursuant to 28 U.S.C. §§ 157(a) and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O).  The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105, 363, 365, and Fed. R. Bankr. P. 2002, 6004, 6006, 9008, and 9014.  Venue of this case and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      This Order (the "Order" or "Sale Order") constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a).  Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Sale Order, and expressly directs entry of judgment as set forth herein.

3.      Based upon proofs or certificates of service filed with the Court, due, proper, timely, adequate and sufficient notice of the Motion, the auction at the Sale Hearing (the "Auction"), the overbid opportunity and the Sale Hearing have been provided in accordance with

Sections 102(1), 105, 363(b), and 365 of the Bankruptcy Code and in compliance with Bankruptcy Rules 2002, 6005, 6006, 9006, 9007, and 9014, the Local Rules of this Court, and in compliance with the bidding procedures proposed in the Sale Motion. The Debtor also provided due and proper notice of the assumption, sale, and assignment of each Assigned Contract to each non-debtor party under each such Assigned Contract. Such notice was good and sufficient and appropriate under the particular circumstances. No other or further notice of the Sale Motion, the Sale Hearing, the Auction, the opportunity to overbid, the assumption and assignment of the Assigned Contracts (including with respect to the payment of any cure amount due thereunder), or of the entry of this Order is necessary or shall be required.

4.      The Notice of Cure Amount provided that parties to the Assigned Contracts had until 13 days before the Sale Hearing (the "Contract Objection Deadline") to file an objection to (i) the proposed assumption and assignment of such Assigned Contracts and/or (ii) the proposed Cure Amount as set forth in the Notice of Cure Amount (a "Contract Objection"). Adequate notice and opportunity to be heard was provided to parties to Assigned Contracts to be assumed and assigned pursuant to this Sale Order.  Further, such parties received adequate notice and an opportunity to object to the Cure Amount.

5.      As set forth in Section 2.2(a) of the APA, Buyer is assuming certain limited liabilities of the Debtor relating to the Assigned Contracts for jobs listed in **Exhibit 1** hereto (the "Final Assigned Job Contracts"), which the Debtor has estimated at approximately $991,000.00, and the Proposed Buyer's Designee, Steiny Electric Company. (the "Buyer") is assuming the Debtor's obligations to complete jobs under certain Final Assigned Job Contracts with remaining contract obligations totaling approximately $29,000,000.    Under those Final Assigned Job Contracts, Buyer will be acquiring approximately $200,000.00 to $250,000.00 in accounts receivable due under those Contracts. Section 2.2 of the APA identifies the procedure by which

the Debtor will assume and assign to Buyer those executory contracts and unexpired leases that Buyer wants. Further, pursuant to Sections 2.1(a) and 2.2(a) of the APA, Buyer will be paying approximately $360,000.00 to purchase vehicles owned or leased by the Debtor, which are listed in Schedule 1 to the APA.

6.      As set forth in Section 2.3.1 of the APA, Buyer's cash purchase price for the Acquired Assets will be $1,450,000 (the "Cash Purchase Price"), and the balance of the  Total Purchase Price will be paid by the Buyer through liabilities assumed under the Final Assigned Job Contracts that consist of executory contracts with the Debtor's clients and/or subcontractors. Pursuant to Section 2.4 of the APA, Buyer has provided the Debtor with the Cash Purchase Price (as defined in the Motion) minus a credit in the amount of $129,997.69  in connection with a loan made to the Debtor and approved by the Court through the entry of separate orders.

7.      The APA was extensively negotiated between the Debtor and the Proposed Buyer in good faith, arms-length negotiations, including exchanges of multiple drafts of asset purchase agreements.  The Debtor concluded that its sale of the Acquired Assets to Buyer in accordance with the terms of the APA (or to a successful overbidder) is the optimal result for the Debtor's estate.

8.      No insider of the Debtor has any interest in or connection with the Proposed Buyer, and no insider of the Debtor will be receiving any special benefit as a result of the Debtor's sale of the Acquired Assets to the Buyer.

9.      To make certain that the highest and best price possible would be paid for the Acquired Assets, the Debtor and the Proposed Buyer agreed that the Sale would be subject to overbidding. Pursuant to the Motion, the Debtor sought approval of the proposed overbid procedures detailed in the Motion and of the Breakup Fee of $100,000 provided for in Section 2.1 of the APA.

10.    After the filing of the Sale Motion, on May 8, 2017, pursuant to the proposed overbid procedures, the Debtor received an offer for the purchase of some of the Debtor's assets from Meruelo Enterprises, Inc. ("MEI") in the amount of $1,850,000 (the "MEI Offer").  The MEI Offer proposed a purchase of the Debtor's vehicles, equipment and certain other physical assets, and the assumption by the Debtor and assignment to MEI of certain leases and/or financing agreements with respect to certain vehicles and equipment but did not propose to have the Debtor assume and assign to MEI any of the Debtor's executory contracts with the Debtor's clients or regarding the Debtor's jobs or any liabilities thereunder.

11.    During the Sale Hearing, through its counsel, MEI clarified that MEI was also proposing to acquire the vehicles leased and financed  by the Debtor that were listed on Schedule 1 to the APA.

12.    Since the MEI Offer was substantially different than the Proposed Buyer's offer, the Court was required to calculate the value of each offer to the Debtor's estate to allow for overbidding.

13.    Based on the evidence filed in support of the Motion and other evidence proffered or adduced during the Sale Hearing, the Court finds that: (i) the value of the Proposed Buyer's Offer is $2,560,000.00 consisting of the $1,450,00.00 Cash Purchase Price; $750,000.00 in estimated net liability under the Final Assigned Job Contracts; and approximately $360,000.00 in connection with the purchase of leased and financed vehicles.  MEI's offer is valued at $350,000 less.

14.    Based on the foregoing, the Court set the initial required overbid at $2,760,000.00, calculated by the $2,560,000.00 value of the Proposed Buyer's Offer, plus the $100,000.00 breakup fee described in Section 2.1(d) of the APA in the event of a successful overbid, plus the additional sum of $100,000.00 and commenced the Auction.

15.     MEI chose not to make an overbid of $2,760,000.00 when provided an opportunity to do so, and, thus, the Buyer was declared the winning bidder at the Auction based upon the APA as modified by this Order. MEI consented to be, and was declared to be, a backup buyer.

16.     The Debtor has demonstrated: (a) compelling circumstances and good, sufficient, and sound business purposes to sell the Acquired Assets to the Buyer, and to assume and assign to the Buyer the executory contracts and unexpired leases listed in **Exhibit 1** hereto – none of which consist of collective bargaining agreements (the "Final Assigned Contracts"), under Sections 105(a), 363, and 365 of the Bankruptcy Code,  (b) that the sale of the Acquired Assets and the assumption and assignment of the Final Assigned Contracts constitutes a reasonable and sound exercise of the Debtor's business judgment, (c) that the Debtor's determination in the Motion that the Total Purchase Price to be paid by the Buyer constitutes the highest and best offer for the Acquired Assets constitutes a valid and sound exercise of the Debtor's business judgment, and (d) the sale of the Acquired Assets and the assumption by the Debtor and assignment of the Final Assigned Contracts to the Buyer is in the best interests of the Debtor, its estate and its creditors. Notwithstanding any requirement for approval or consent by any person, the transfer of the Acquired Assets to Buyer and the assumption and assignment of the Final Assigned Contracts to Buyer is a legal, valid, and effective transfer of the Debtor's right, title and interest in the Acquired Assets and the Final Assigned Contracts.

17.     The Total Purchase Price represents a fair and reasonable offer to purchase the Acquired Assets under the circumstances of this Chapter 11 case. The consideration provided by the Buyer pursuant to the APA is adequate and constitutes at least reasonably equivalent value and fair consideration under the Bankruptcy Code.

18.     The Debtor and Buyer have, to the extent necessary, satisfied the requirements of Section 365 of the Bankruptcy Code, including Sections 365(b)(1)(A), (B) and 365(f) of the

Bankruptcy Code, in connection with the Debtor's assumption and assignment to Buyer of the Final Assigned Contracts. Adequate assurance of future performance with respect to the Final Assigned Contracts pursuant to Section 365(b)(1)(C) of the Bankruptcy Code has been provided.

19.    The Final Assigned Contracts are assignable notwithstanding any provisions contained in the Final Assigned Contracts to the contrary.

20.    The Debtor is authorized to sell and transfer all right, title and interest in the Acquired Assets free and clear of all liens, claims, encumbrances and interests to Buyer because it has satisfied the requirements of Section 363(f) of the Bankruptcy Code.

21.    The Buyer would not have entered into the APA and would not have committed to consummate the transaction contemplated thereby if the Sale of the Acquired Assets was not free and clear of all liens, claims, encumbrances and interests, including but not limited to all claims of successor liability.

22.    Those holders of liens, claims, encumbrances and interests against the Debtor, its estate and/or any and all of the Acquired Assets who did not object, or who withdrew their objections, to the Sale or the Motion are deemed to have consented to the Sale pursuant to Section 363(f)(2) of the Bankruptcy Code.

23.    Buyer has acted in good faith and is therefore a buyer in good faith, as that term is used in the Bankruptcy Code and as interpreted by Courts regarding the meaning of 11 U.S.C. § 363(m). The APA was negotiated and entered into in good faith, based on arm's-length bargaining, and without collusion or fraud of any kind. Neither the Debtor nor Buyer has engaged in any conduct that would prevent the application of Section 363(m) of the Bankruptcy Code or cause the application of or implicate Section 363(n) of the Bankruptcy Code to the consummation of the various transactions provided for in the APA. Buyer is therefore entitled to all of the

protections of Section 363(m) of the Bankruptcy Code, including with respect to all of the Acquired Assets and the Final Assigned Contracts.

24.    Time is of the essence in consummating the Sale. It is essential that the consummation of the APA occur as quickly as possible. Accordingly, there is cause to lift the 14-day stays imposed by Bankruptcy Rules 6004 and 6006.

Based upon the foregoing findings and conclusions, and upon the record made before this Court, and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED AS FOLLOWS:**

A.    The Sale Motion is granted, as modified by this Order.

B.    The findings and conclusions of law set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  The findings of this Court are adopted by this Court and made a part of this Order. To the extent any of the foregoing findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the foregoing conclusions of law constitute findings of fact, they are adopted as such.

C.    All objections to the Motion, the entry of this Sale Order, or the relief provided herein that have not been withdrawn with prejudice, waived, resolved, or settled are hereby denied and overruled on the merits with prejudice.

D.    Notice of the Sale, the Sale Hearing and the Cure Notice was fair and equitable under the circumstances and complied in all respects with Sections 102(1), 105, 363 and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, 9007, 9008 and 9014 and the applicable Local Rules.

E.     The bidding procedures set forth in the Sale Motion and APA, including the Breakup Fee of $100,000, are hereby approved, subject to the modification that the required opening overbid during the Auction was $2,760,000.00, as set forth above.

F.     Each and every term of the APA, including all schedules and exhibits affixed thereto, and the transactions contemplated thereby is *are* hereby approved in all respects.

G.     The sale of the Acquired Assets (as that term is defined in the APA), and assumption by the Debtor and assignment of the Final Assigned Contracts (described in **Exhibit 1** to this Order, and none of which consist of collective bargaining agreements), to Buyer are hereby authorized pursuant to Sections 363, 365 and 105(a) of the Bankruptcy Code pursuant to the terms of this Order.

H.     Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code, all right, title and interest in the Acquired Assets shall be transferred from the Debtor to the Buyer in accordance with the terms of the APA and this Order, effective as of the Closing, notwithstanding any requirement for approval or consent by any person, and such transfer shall constitute a legal, valid, binding, and effective transfer of such Acquired Assets and shall vest the Buyer with title to the Acquired Assets, free and clear of all liens (as defined in the Section 101(37) of the Bankruptcy Code), claims (as defined in Section 101(5) of the Bankruptcy Code), encumbrances, and other interests, including but not limited to any claims based on a theory of successor liability, to the maximum extent of Section 363(f) of the Bankruptcy Code.

I.     Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code, the Debtor's assignment of the Final Assigned Contracts to Buyer shall constitute a legal, valid, and effective transfer of the Debtor's right, title and interest in the Final Assigned Contracts in accordance with the terms of the APA and this Order, effective as of the Closing, notwithstanding any requirement for approval or consent by any person, and shall vest Buyer with all right, title and

interest of the Debtor in and to the Final Assigned Contracts, free and clear of all liens, claims, interests and encumbrances, pursuant to Sections 363(f) and (b) of the Bankruptcy Code, including any claims based upon a theory of successor liability.  Unless expressly provided to the contrary in Section 2.2(a) of the APA or in this Order, the "Buyer does not, and shall not, assume or agree to pay, satisfy, discharge or perform, and liabilities, obligation or commitments" of the Debtor.

J.       All liens, claims, encumbrances and interests on and against the Acquired Assets shall be transferred from the Acquired Assets and shall attach to the proceeds of the Sale with the same validity, priority and extent that such liens, claims, interests and encumbrances had against the Acquired Assets.

K.       The Debtor is authorized to pay or direct the payment of all necessary and customary taxes and fees required to be paid in connection with the Sale, if any, from the proceeds.

L.       The Investment Banker's fee is not approved to be paid from the proceeds at this time.  The Court defers ruling on the allowance of that fee until such time as the other issues concerning the distribution of the proceeds, including requests for surcharge, are heard or pending further order of the Court.

M.       The net proceeds of the Sale shall remain in a client trust account maintained by the Debtor's bankruptcy counsel, Levene, Neale, Bender, Yoo & Brill L.L.P., pending further order of the Court.  The issues related to distribution of the proceeds, including requests for surcharge, will be heard and decided at a later time.

N.       Each Cure Amount established by the Cure Notice for an Assigned Contract that was not objected to by the counterparty to the Assigned Contract shall constitute the Cure Amount for the Assigned Contract to which that Cure Amount related.

O.    The Buyer shall immediately wire $362,048.00 to Debtor's counsel's trust account. Once such funds are received by Debtor's counsel, Debtor's counsel shall pay within seven (7) business days the following sums negotiated by Buyer to acquire vehicles that are the subject of the vehicle contracts and leases set forth in Schedule 1 to the APA: (a) $57,000.00 to TCF Equipment Finance/Altec; (b) $169,083.00 to Chrysler Capital; (c) $78,661.00 to John Deere Financial; and (d) an amount not to exceed $57,304.00 to Enterprise.  The Debtor's counsel shall otherwise hold all other sums paid by Buyer pending further order of this Court.

P.    Pursuant to Sections 365(b)(1)(A) and (B) of the Bankruptcy Code, Buyer shall be responsible for paying all accounts payable owing by the Debtor under the Final Assigned Job Contracts in the estimated amount of $991,000.  This obligation shall not be dependent on the Buyer being allowed to perform or complete work on Final Assigned Job Contracts.  All monetary defaults under the Final Assigned Job Contracts arising prior to the Closing (without giving effect to any acceleration clauses or any default provisions of the kind specified in Section 365(b)(2) of the Bankruptcy Code) shall be deemed cured by payment of those accounts receivable.

Q.    No section or provision of any Final Assigned Contract that purports to provide for additional payments, penalties, charges, or other financial accommodations in favor of the non-debtor third party to the Final Assigned Contracts as a result of the Debtor's assumption and assignment to Buyer of the Final Assigned Contract shall have any force or effect with respect to the sale transaction and assignments authorized by this Order, and such provisions constitute unenforceable anti-assignment provisions under Section 365(f) and/or are otherwise unenforceable under Section 365(e) of the Bankruptcy Code.  No assignment of any Final Assigned Contract pursuant to the terms of the APA shall in any respect constitute a default under any Final Assigned Contract.  Except as otherwise provided in Paragraph T of this Order

with respect to the RCC Contract 1A (defined herein), Buyer shall enjoy all of the rights and benefits under each such Final Assigned Contract as of the Closing Date without the necessity of obtaining such non-Debtor party's written consent to the assumption or assignment thereof.

R.    All requirements under Sections 365(b)(1) and 365(f)(2) of the Bankruptcy Code to provide adequate assurance of future performance under the Final Assigned Contracts have been satisfied. Buyer shall be responsible for all Post-Closing Obligations.  The Debtor and its estate shall be relieved of any liability for any breach of any of the Final Assigned Contracts occurring from and after the Closing, pursuant to and in accordance with Section 365(k) of the Bankruptcy Code.

S.    Effective as of May 11, 2017, all of the Debtor's unexpired leases and executory contracts shall be deemed rejected with the exception of the following:

1.    the Final Assigned Contracts to be assigned to the Buyer at Closing, which are set forth in **Exhibit 1** hereto;

2.    the collective bargaining agreements to which the Debtor is a party (the "CBAs"), none of which shall be deemed rejected at this time; nothing in this Order shall be construed to assume, reject or modify any of the CBAs;

3.    the subcontract between Steiny & Company, Inc. and B&C Transit, Inc. to perform various signaling and communications related work for the Santa Clara Alum Rock BRT Project for the Santa Clara Valley Transportation Authority, which the Debtor intends to assume and assign to a third party in the near future; and

4.    the Union/Patsaouras Contract bonded by Endurance Assurance Corporation ("Endurance"), and a second Endurance-bonded contract that is incomplete and was identified in the opposition to the Sale Motion filed by Endurance, at page 12

[Docket no. 512], and has been referred to as Subcontract #755 South Region High School

No. 8 Street Lighting and Traffic Signalization, will not be rejected at this time.

T.    Notwithstanding any other term of this Order (including without limitation Paragraph H of this Order) or the APA, all right, title and interest in the contract between Skanska USA Civil, Inc., manager of Regional Connector Constructors ("RCC") and the Los Angeles County Metropolitan Transit Authority ("MTA"), for job number 08-8100 with RCC bearing RCC Contract No. 098-010-075.1A, dated June 22, 2015 (as modified and amended pursuant to the RCC Stipulation (defined herein), the "Reformed RCC Contract 1A"), is being assigned to Buyer, as modified by and pursuant to the *Stipulation Re: Assumption and Rejection of RCC Contracts Re Debtor's Motion for Entry of Order (I) Authorizing Debtor to Sell Assets Free and Clear of Liens, Claims, Encumbrances, and Interests; (II) Authorizing Assumption and Assignment of Certain Unexpired Leases and Executory Contracts; [Etc.]* by and among Debtor, Buyer and RCC (through Skanska USA Civil West California District Inc.) filed on or about May 16 *26*, 2017 (the "RCC Stipulation") *[Docket no. 608]*, which Stipulation is hereby approved by this Order. By this Order, the Court is not rendering unenforceable provisions or restrictions in the Reformed RCC Contract 1A including those requiring the MTA's approval of any subcontractors, or of any such provisions or restrictions that are incorporated in Debtor's contract.

U.    Debtor's counsel is hereby authorized and instructed to return the deposit made by MEI in connection with its potential overbid to MEI as requested.

V.    On and after the Closing Date, the Buyer shall be entitled to hire any of the Debtor's previous non-union employees and/or engage in collective bargaining with any unions for purposes of entering into new CBAs with those unions and take such other steps as are necessary to hire the Debtor's previous union employees in a manner consistent with the unions'

collective bargaining rights.  As a result of such conduct, the APA and/or this Order, the Buyer will not incur any liability for the Debtor's obligations relating to all such non-union and union employees arising prior to the Closing, including but not limited to any claims based on a theory of successor liability to the maximum extent of Section 363(f) of the Bankruptcy Code.  The Court takes no position as to whether Buyer may be liable for withdrawal liability pursuant to the Multiemployer Pension Plan Amendments Act of 1980. By this order, the unions are not precluded from collective bargaining with the Buyer regarding delinquencies incurred by Debtor, but the Buyer shall have no obligation to agree to any requests to pay such delinquencies. This Order does not limit or restrict the collective bargaining rights of the unions with which the Debtor's previous union-employees were affiliated.

W.    Effective as of the Closing of the sale of the Acquired Assets, which includes the Debtor's name, the Debtor is authorized to collect any outstanding receivables owed to the Debtor that have not been sold to the Buyer as a result of the sale of the Acquired Assets under a new name to be chosen by the Debtor to be followed by the words "formally known as Steiny and Company, Inc.," which new name is subject to Buyer's approval.

X.    The transaction contemplated by the APA is undertaken by the Buyer in good faith, as that term is used in Section 363(m) of the Bankruptcy Code, and, accordingly, the Buyer is a purchaser in good faith of the Acquired Assets and is entitled to all of the protections afforded by Section 363(m) of the Bankruptcy Code.  The Debtor's sale of the Acquired Assets to Buyer is not subject to avoidance pursuant to Section 363(n) of the Bankruptcy Code.

Y.    The provisions of this Order authorizing the sale of the Acquired Assets shall be self-executing, and neither the Debtor nor the Buyer shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate, and implement the provisions of this Order.  Notwithstanding the foregoing, the

Buyer is hereby authorized to file, register, or otherwise record a certified copy of this Order which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of all liens, claims, encumbrances and interests in the Acquired Assets.

Z.      To the greatest extent available under applicable law, as of the Closing, Buyer shall be authorized to operate under any license, permit, registration, and governmental authorization or approval of the Debtor with respect to the Acquired Assets, and, to the extent transferable under applicable law, all such licenses, permits, registrations, and governmental authorizations and approvals are deemed to have been transferred to Buyer as of the Closing. If such governmental authorizations are not transferrable under applicable law, then they shall not be deemed transferred to Buyer hereunder, and Buyer shall be required to obtain all material licenses, permits, and authorizations from governmental agencies or governmental bodies as applicable.

AA.     Upon advance written notice of at least ten (10) calendar days, Buyer shall give the Debtor, or a subsequently appointed trustee, access to the books and records that it is acquiring from the Debtor. Upon advance written notice of at least thirty (30) calendar days, Buyer shall give creditors access to the books and records that it is acquiring from Debtor at Buyer's business premises. Buyer shall not be required by this Order to maintain those records past twelve months from the date of entry of this Order. However, if Buyer intends to destroy or otherwise dispose of such books and records, Buyer shall give the Debtor and/or a subsequently appointed trustee, Endurance and  Safeco Insurance Company of America ("Safeco" and with Liberty Mutual Insurance Company ("Liberty") referred to herein joint as "Liberty/Safeco") 30-days written notice of the intention to destroy or otherwise dispose of such books and records in the event that the Debtor, the trustee, Endurance or Liberty would like to take possession of them. The Debtor, or a subsequently appointed trustee, will have the right of first refusal of such

books and records.  Notice shall be sent by email and U.S. Mail to the Debtor or a subsequently

appointed trustee and to Endurance and Liberty/Safeco at the following addresses:

> Steiny and Company, Inc. c/o
> Jacqueline James, Esq., Lindsey Smith, Esq. and
> Ron Bender, Esq.
> Levene, Neale, Bender, Yoo & Brill L.L.P.
> 10250 Constellation Blvd., Suite 1700
> Los Angeles, CA 90067
> jlj@lnbyb.com lls@lnbyb.com rb@lnbyb.com

> Safeco Insurance Company of America
> Liberty Mutual Insurance Company c/o
> Ali Salamirad, Esq.
> SMTD Law, LLP
> 17901 Von Karman Ave., Ste. 500
> Irvine, CA 92614
> as@smtdlaw.com

and

> Safeco Insurance Company of America
> Liberty Mutual Insurance Company c/o
> Robert J. Berens, Esq.
> SMTD Law, LLP
> 2001 E. Campbell Ave., Suite 203
> Phoenix, Arizona 85016
> rberens@smtdlaw.com

> Endurance Assurance Corporation
> Adam Schwartz and Kevin Brotspies at
> McElroy Deutsch Mulvaney & Carpenter LLP
> 1300 Mt Kemble Ave.
> P.O. Box 2075
> Morristown, NJ 07962-2075
> aschwartz@mdmc-law.com kbrotspies@mdmc-law.com

BB.    Pursuant to Sections 363(b) and 365 of the Bankruptcy Code, the Debtor is

authorized to execute and to fully perform under the APA and this Order, together with all

additional instruments and documents that may be reasonably necessary, and to take all further

actions as may be reasonably requested by the Buyer for the purpose of transferring any or all of

the Acquired Assets, assigning the Final Assigned Contracts and performing the obligations of

the Debtor under the APA.

CC.   The automatic stay under Section 362(a) of the Bankruptcy Code shall not apply to and otherwise shall not prevent the exercise or performance by any party of its rights or obligations under the APA.  The stays provided by Bankruptcy Rules 6004 and 6006 are hereby lifted and waived.

DD.   Subject to the terms of the APA, the APA and any related agreements may be waived, modified, amended, or supplemented by agreement of the Debtor and Buyer, without further action or Court order; provided, however, that any such waiver, modification, amendment, or supplement substantially conforms to, and effectuates the APA and any related agreements, and is not inconsistent with the terms of this Order.

EE.   This Court shall retain exclusive jurisdiction to (i) interpret, enforce and implement the terms and provisions of the APA, all amendments thereto, any waivers and consents thereunder, and each of the agreements executed in connection therewith, (ii) compel delivery of the Acquired Assets and the vehicles that are the subject of the Final Assigned Contracts to the Buyer, (iii) resolve any and all  disputes arising under, related to and/or concerning the APA, related agreements and this Order, including but not limited to disputes concerning the  rights and duties of the parties hereunder or thereunder and the Buyer not having liability for any debts and obligations of the Debtor, except as expressly assumed by the Buyer under the APA and this Order, (iv) enjoin and adjudicate the assertion of any liens, claims, encumbrances and interests against the Buyer or with respect of the Acquired Assets, and (v) interpret, implement and enforce the provisions of this Order.

FF.   Notwithstanding Bankruptcy Rules 6004, 6006, 7062, and 9021, this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing. Accordingly, the 14-day stays imposed by Bankruptcy Rules 6004 and 6006 are hereby waived. In the absence of any person or entity obtaining a stay pending appeal, the Debtor and Buyer are

authorized and directed to close their respective transactions under and in accordance with the APA, subject to the terms of the APA and this Order.

GG.    To the extent that this Order is inconsistent with any prior order or pleading with respect to the Motion or the APA, the terms of this Order shall govern.  The failure to include or reference any particular provision of the APA or any related agreements in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court, the Debtor, and the Buyer that the APA and any related agreements (including RCC Stipulation and the Reformed RCC Contract 1A) are authorized and approved in their entirety, with such amendments thereto as may be made by the parties in accordance with this Order prior to the Closing.

HH.    To the extent any provisions of this Order conflict with the terms and conditions of the APA, this Order shall govern and control.

II.    This Order and the APA shall be binding on and govern the acts of all persons and entities, including, without limitation, the Debtor, Buyer and their respective successors and permitted assigns, including, without limitation, any Chapter 11 or Chapter 7 trustee hereinafter appointed for the Debtor's estate.

**IT IS SO ORDERED.**

# # #

*Dated: May 31, 2017*

*Julia W. Brand*
*United States Bankruptcy Judge*

19

# EXHIBIT 1

Case 2:16-bk-25619-WB    Doc 610    Filed 05/26/17    Entered 05/26/17 13:24:03    Desc
Main Document    Page 3 of 17

| Count | Job | Description | Cure Amount |
|-------|-----|-------------|-------------|
| 1 | 4480 | Soto Street Bridge | $0 |
| 2 | 4530 | Fullerton - State College Blvd. | $0 |
| 3 | 4565 | Corona Metro Apartments | $0 |
| 4 | 4624 | Chino-Bldg #2 Project Offsite | $0 |
| 5 | 4625 | Chino-Bldg #2 Project Alpine | $0 |
| 6 | 4635 | IKEA | $0 |
| 7 | 4639 | La-Laurel Canyon Blvd. Widening | $0 |
| 8 | 4652 | LA-Sepulveda Blvd Off Ramp | $0 |
| 9 | 4683 | Milliken | $0 |
| 10 | 4686 | Ave. S - Palmdale | $0 |
| 11 | 4687 | 08-0K2924-San Bernardino | $0 |
| 12 | 4690 | Barstow - Wal-Mart #1879-03 | $0 |
| 13 | 4700 | Ontario-Francis St Storm Drain | $0 |
| 14 | 4702 | Orange - La Pata Ave | $0 |
| 15 | 4705 | Pomona Distribution | $0 |
| 16 | 4707 | Apple Valley - Yucca Loma | $0 |
| 17 | 4710 | Adelanto | $0 |
| 18 | 4716 | La Habra Apartments | $0 |
| 19 | 4718 | Long Beach - Conan St | $0 |
| 20 | 4719 | Westlake Vil.-N. Ranch Gateway | $0 |
| 21 | 4723 | Pennsylvania Ave. - Tw | $0 |
| 22 | 4725 | IVC - Barranca Entrance | $0 |
| 23 | 4729 | 91 Freeway - RJ Noble | $0 |
| 24 | 4730 | Crown Valley Park | $0 |
| 25 | 4731 | La Mirada - Imperial Highway | $0 |
| 26 | 4732 | LA - York | $0 |
| 27 | 4733 | Yellen Park - RC Becker | $0 |
| 28 | 4734 | LA - Eagle Rock | $0 |

| | | | |
|---|---|---|---|
| 29 | 4735 | Porter Ranch-Corbin (Tract SL) | $0 |
| 30 | 4736 | Perris - Webster | $0 |
| 31 | 4738 | Aliso Viejo - Liberty | $0 |
| 32 | 4739 | Costa Mesa - Baker St. | $0 |
| 33 | 4740 | LA Venice Dual | $0 |
| 34 | 4741 | Torrance - Del Amo Blvd. | $0 |
| 35 | 4743 | El Monte - Hilton Garden Inn | $0 |
| 36 | 4744 | Glendale Proposition | $0 |
| 37 | 4750 | Marina Del Rey-Neptune Wetland | $0 |
| 38 | 4751 | Fontana Citrus | $0 |
| 39 | 4752 | Murrieta - Madison Ave Improv. | $0 |
| 40 | 4756 | LA- Pico/Grand | $0 |
| 41 | 4759 | Santa Monica- Century | $0 |
| 42 | 4764 | LA - Grand & 12th | $0 |
| 43 | 4766 | LA Valley Glen | $0 |
| 44 | 4767 | San Clemente - LA Ve | $0 |
| 45 | 4768 | Lynwood - Century Di | $0 |
| 46 | 4769 | Fontana - Citrus Com | $0 |
| 47 | 4770 | San Bernardino South Bay Foundary | $0 |
| 48 | 4771 | Alhambra McLean Street | $0 |
| 49 | 4772 | I-10 Citrus Distribution | $0 |
| 50 | 8100 | LA-Regional Connector Corridor | $0 |
| | | Enterprise Master Lease | $23,828.01  lease payoff not to exceed $57,304.00 |
| | | TCF Equipment Finance/Altec Lease | $7,202.11  lease payoff of $57,000.00 agreed upon |

# EXHIBIT 2

1    **APPROVED AS TO FORM CONSISTENT WITH THE COURT'S RULING ONLY:**

2

3    Dated: May 17, 2017                    TRUSTEES OF THE SOUTHERN CALIFORNIA
                                            IBEW-NECA PENSION PLAN, ET AL
4

5                                           By:_____
                                               Matthew T. Bechtel, Esq.
6                                              LAQUER, URBAN, CLIFFORD & HODGE LLP
                                               Attorneys for Creditors
7

8

9    Dated: May 17, 2017                    TRUSTEES OF THE OPERATING ENGINEERS
                                            PENSION TRUST ET AL.
10

11                                          By:_____
                                               Matthew T. Bechtel, Esq.
12                                             LAQUER, URBAN, CLIFFORD & HODGE LLP
                                               Attorneys for Creditors
13

14   Dated: May 17, 2017                    CONSTRUCTION LABORERS TRUST FUNDS FOR
                                            SOUTHERN CALIFORNIA ADMINISTRATIVE
15                                          COMPANY
16

17                                          By:_____
                                               J. David Sackman, Esq.
18                                             Peter A. Hutchinson
                                               REICH ADELL & CVITAN
19                                             Attorneys for Creditors
20

21   Dated: May 17, 2017                    SOUTHERN CALIFORNIA DISTRICT COUNCIL OF
                                            LABORERS
22

23

24                                          By:_____
                                               J. David Sackman, Esq.
25                                             Peter A. Hutchinson
                                               REICH ADELL & CVITAN
26                                             Attorneys for Creditors

27   ///

28   ///

1 | APPROVED AS TO FORM CONSISTENT WITH THE COURT'S RULING ONLY:

2

3 | Dated: May 17, 2017          TRUSTEES OF THE SOUTHERN CALIFORNIA
                                 IBEW-NECA PENSION PLAN, ET AL
4

5 |                              By:_____
                                    Matthew T. Bechtel, Esq.
6                                   LAQUER, URBAN, CLIFFORD & HODGE LLP
                                    Attorneys for Creditors
7

8

9 | Dated: May 17, 2017          TRUSTEES OF THE OPERATING ENGINEERS
                                 PENSION TRUST ET AL.
10

11 |                             By:_____
                                    Matthew T. Bechtel, Esq.
12                                  LAQUER, URBAN, CLIFFORD & HODGE LLP
                                    Attorneys for Creditors
13

14 | Dated: May 17, 2017         CONSTRUCTION LABORERS TRUST FUNDS FOR
                                 SOUTHERN CALIFORNIA ADMINISTRATIVE
15                               COMPANY

16

17 |                            By:_____
                                   J. David Sackman, Esq.
18                                 Peter A. Hutchinson
                                   REICH ADELL & CVITAN
19                                 Attorneys for Creditors

20

21 | Dated: May 17, 2017         SOUTHERN CALIFORNIA DISTRICT COUNCIL OF
                                 LABORERS
22

23 |                            By:_____
                                   J. David Sackman, Esq.
24                                 Peter A. Hutchinson
                                   REICH ADELL & CVITAN
25                                 Attorneys for Creditors

26

27 | ///

28 | ///

1   Dated: May 17, 2017              SAFECO INSURANCE COMPANY OF AMERICA AND
2                                    LIBERTY MUTUAL INSURANCE COMPANY
3
4                                    By: _____
5                                         Ali Salamirad, Esq.
                                          Robert J. Berens, Esq.
6                                         SMTD Law LLP
                                          Attorneys for Creditors
7
8   Dated: May 17, 2017              ENDURANCE ASSURANCE CORPORATION,
                                     ENDURANCE REINSURANCE CORPORATION OF
9                                    AMERICA AND ENDURANCE AMERICAN
                                     INSURANCE COMPANY
10
11
12                                   By: _____
                                          Matthew A. Lesnick, Esq.
13                                        LESNICK PRINCE & PAPPAS, LLP
                                          Attorneys for Creditor
14
15                  and
16                                        McELROY, DEUTSCH, MULVANEY &
                                          CARPENTER, LLP
17                                        Attorneys for Creditor
18
19  Dated: May 17, 2017              SANTA CLARA VALLEY TRANSPORTATION
                                     AUTHORITY
20
21
22                                   By: _____
                                          Wayne A. Silver
23                                        LAW OFFICE OF WAYNE A. SILVER
                                          Attorney for Party in Interest or Creditor
24
25
26  ///
27  ///
28  ///

                                        21

1    Dated: May 17, 2017                 SAFECO INSURANCE COMPANY OF AMERICA AND
                                         LIBERTY MUTUAL INSURANCE COMPANY
2

3

4                                        By:_____
                                             Ali Salamirad, Esq.
5                                            Robert J. Berens, Esq.
                                             SMTD Law LLP
6                                            Attorneys for Creditors

7

8    Dated: May 17, 2017                 ENDURANCE ASSURANCE CORPORATION,
                                         ENDURANCE REINSURANCE CORPORATION OF
9                                        AMERICA AND ENDURANCE AMERICAN
                                         INSURANCE COMPANY
10

11

12                                       By: _____
                                             Matthew A. Lesnick, Esq.
13                                           LESNICK PRINCE & PAPPAS, LLP
                                             Attorneys for Creditor
14

15                   and

16                                       McELROY, DEUTSCH, MULVANEY &
                                         CARPENTER, LLP
17                                           Attorneys for Creditor

18

19   Dated: May 17, 2017                 SANTA CLARA VALLEY TRANSPORTATION
                                         AUTHORITY
20

21

22                                       By:_____
                                             Wayne A. Silver
23                                           LAW OFFICE OF WAYNE A. SILVER
                                             Attorney for Party in Interest or Creditor
24

25

26   ///

27   ///

28   ///

                                         21

1    Dated: May 17, 2017                SAFECO INSURANCE COMPANY OF AMERICA AND
2                                       LIBERTY MUTUAL INSURANCE COMPANY

3

4                                       By:_____
5                                           Ali Salamirad, Esq.
                                            Robert J. Berens, Esq.
6                                           SMTD Law LLP
                                            Attorneys for Creditors
7

8    Dated: May 17, 2017                ENDURANCE ASSURANCE CORPORATION,
                                        ENDURANCE REINSURANCE CORPORATION OF
9                                       AMERICA AND ENDURANCE AMERICAN
                                        INSURANCE COMPANY
10

11

12                                      By:_____
13                                          Matthew A. Lesnick, Esq.
                                            LESNICK PRINCE & PAPPAS, LLP
14                                          Attorneys for Creditor

15              and

16                                      McELROY, DEUTSCH, MULVANEY &
                                        CARPENTER, LLP
17                                      Attorneys for Creditor

18

19   Dated: May 17, 2017                SANTA CLARA VALLEY TRANSPORTATION
                                        AUTHORITY
20

21

22                                      By:_____
                                            Wayne A. Silver
23                                          LAW OFFICE OF WAYNE A. SILVER
                                            Attorney for Party in Interest or Creditor
24

25

26   ///

27   ///

28   ///

Dated: May 17, 2017

SKANSKA USA CIVIL WEST CALIFORNIA DISTRICT, INC., MANAGER FOR REGIONAL CONNECTOR CONSTRUCTORS

By:_____
   William Brody
   BUCHALTER, A Professional Corporation
   Attorneys for Parties In Interest or Creditor

Date: May 17, 2017

SANDRA R. BROWN
Acting United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division

By:_____
   JOLENE TANNER
   Assistant United States Attorney
   Attorney for UNITED STATES OF AMERICA

Dated: May 17, 2017

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

By:_____
   Ronald A. Clifford, Esq.
   BLAKELEY LLP
   Attorneys for Buyer

**APPROVED AS TO FORM AND CONTENT:**

Dated: May 17, 2017

STEINY ELECTRIC COMPANY.

By:_____
   Daniel J. McCarthy, Esq.
   HILL, FARRER & BURRILL LLP
   Attorneys for Buyer

22

 1  | Dated: May 17, 2017         SKANSKA USA CIVIL WEST CALIFORNIA DISTRICT,
 2  |                            INC., MANAGER FOR REGIONAL CONNECTOR
    |                            CONSTRUCTORS
 3  |
 4  |
 5  |                            By:_____
    |                                William Brody
 6  |                                BUCHALTER, A Professional Corporation
    |                                Attorneys for Parties In Interest or Creditor
 7  |
 8  | Date: May 17, 2017          SANDRA R. BROWN
    |                            Acting United States Attorney
 9  |                            THOMAS D. COKER
    |                            Assistant United States Attorney
10  |                            Chief, Tax Division
11  |
12  |                            By:_____
    |                                JOLENE TANNER
13  |                                Assistant United States Attorney
    |                                Attorney for UNITED STATES OF AMERICA
14  |
15  |
    | Dated: May 17, 2017         THE OFFICIAL COMMITTEE OF UNSECURED
16  |                            CREDITORS
17  |
18  |
    |                            By:_____
19  |                                Ronald A. Clifford, Esq.
    |                                BLAKELEY LLP
20  |                                Attorneys for Buyer
21  |
    | **APPROVED AS TO FORM AND CONTENT:**
22  |
23  |
    | Dated: May 17, 2017         STEINY ELECTRIC COMPANY.
24  |
25  |
    |                            By:_____
26  |                                Daniel J. McCarthy, Esq.
    |                                HILL, FARRER & BURRILL LLP
27  |                                Attorneys for Buyer
28  |

1    Dated: May 17, 2017                SKANSKA USA CIVIL WEST CALIFORNIA DISTRICT,
2                                       INC., MANAGER FOR REGIONAL CONNECTOR
                                        CONSTRUCTORS
3

4                                       By:_____
5                                           William Brody
                                            BUCHALTER, A Professional Corporation
6                                           Attorneys for Parties In Interest or Creditor
7

8    Date: May 17, 2017                 SANDRA R. BROWN
                                        Acting United States Attorney
9                                       THOMAS D. COKER
                                        Assistant United States Attorney
10                                      Chief, Tax Division
11

12                                      By:_____
13                                          JOLENE TANNER
                                            Assistant United States Attorney
14                                          Attorney for UNITED STATES OF AMERICA
15

16   Dated: May 17, 2017                THE OFFICIAL COMMITTEE OF UNSECURED
                                        CREDITORS
17

18

19                                      By:_____
                                            Ronald A. Clifford, Esq.
20                                          BLAKELEY LLP
                                            Attorneys for Buyer
21

22   **APPROVED AS TO FORM AND CONTENT:**
23   Dated: May 17, 2017                STEINY ELECTRIC COMPANY.
24

25

26                                      By:_____
                                            Daniel J. McCarthy, Esq.
27                                          HILL, FARRER & BURRILL LLP
                                            Attorneys for Buyer
28

1   Dated: May 17, 2017         SKANSKA USA CIVIL, INC. AND REGIONAL

2                                           CONNECTOR CONSTRUCTORS

3

4                             By:_____

5                                  William Brody
                                 BUCHALTER

6                                  Attorneys for Parties In Interest or Creditors

7   Date: May 17, 2017          SANDRA R. BROWN

8                                    Acting United States Attorney
                                 THOMAS D. COKER

9                                    Assistant United States Attorney
                                 Chief, Tax Division

10

11                             By:_____

12                                  JOLENE TANNER
                                 Assistant United States Attorney

13                                  Attorney for UNITED STATES OF AMERICA

14

15   Dated: May 17, 2017         THE OFFICIAL COMMITTEE OF UNSECURED

16                                    CREDITORS

17

18                             By:_____

19                                  Ronald A. Clifford, Esq.
                                 BLAKELEY LLP

20                                  Attorneys for Buyer

21 **APPROVED AS TO FORM AND CONTENT:**

22

23   Dated: May 17, 2017         STEINY ELECTRIC COMPANY.

24

25                             By:_____

26                                  Daniel J. McCarthy, Esq.
                                 HILL, FARRER & BURRILL LLP

27                                  Attorneys for Buyer

28   ///

///
Dated: May 17, 2017          STEINY AND COMPANY, INC.

By: _____
Jacqueline L. James, Esq.
LEVENE, NEALE, BENDER, YOO & BRILL
L.L.P.
Attorneys for Debtor and Debtor in Possession